BAILEY, Appellant, vs. STEVÉ, Respondent.

*November 29 — December 13, 1887.*

*Homestead: Exemption of proceeds of sale.*

Under sec. 2983, R. S., the proceeds of the sale of a homestead are
exempt from seizure on execution, for a period not exceeding two
years, if they are held with the intention of using them in com-
pleting or improving a new homestead.

APPEAL from the Circuit Court for *Outagamie* County.
The following statement of the case was prepared by Mr.
Justice CASSODAY:

It appears from the record that December 26, 1885, *John
Stevé*, the defendant, owned and occupied, with his wife
and children, as a homestead, forty acres of land, about
eight miles from Appleton; that on that day he sold it for
$1,800, of which he received $400 down, and a mortgage
back to secure the payment of $1,400 in fourteen annual
payments of $100, evidenced by so many notes; that soon
after, he with his family moved to Appleton, bought a
vacant lot in that city of nearly half an acre, with the in-
tention of making the same a homestead, and built a home
thereon, and moved into it, and made other improvements
thereon; that September 13, 1886, *D. B. Bailey*, the plaint-
iff, recovered a judgment against the defendant in justice's
court for $171.26; that September 20, 1886, a transcript of
that judgment was filed in the office of the clerk of the cir-
cuit court; that October 11, 1886, an execution was issued
thereon, and the same was returned wholly unsatisfied;
that thereupon the defendant was brought before a court
commissioner on supplementary proceedings; and from his
examination, and the testimony taken therein, it appeared,
in effect, that he had borrowed $800, and pledged said notes
and mortgage as collateral security therefor; that he had

no property left, except his homestead and his interest in said notes and mortgage; that he put all the money he thus borrowed into the homestead; that he still owed $200 on the lot and $45 on the house; that he intended to use his said interest in the notes and mortgage to pay off his debts and improve his homestead; that the house was not yet completed; that the lot was not yet fenced or drained; that no sidewalk had been constructed, or trees set out thereon; that to complete the homestead in a proper and healthy condition, and pay off the debts already incurred thereon, would necessitate a large amount over and above the defendant's interest in said notes and mortgage.

November 19, 1886, the commissioner held, in effect, that the defendant's interest in the notes and mortgage was not exempt, and ordered the plaintiff's debt to be satisfied from the same, and for that purpose a receiver was appointed, etc. Upon affidavits and the record, the circuit court ordered the plaintiff to show cause why such order of the commissioner should not be set aside. Upon the hearing thereof, January 4, 1887, the circuit court ordered that said order of the commissioner be, and the same was thereby, vacated and set aside, with $10 costs to the defendant. From that order the plaintiff appeals.

*W. J. Allen,* for the appellant, cited *Jurvais v. Moe,* 38 Wis. 440.

For the respondent the cause was submitted on the brief of *Fred. E. Harriman.* He cited *Watkins v. Blatschinski,* 40 Wis. 347; *Johnson v. Harrison,* 41 id. 381; *Hewett v. Allen,* 54 id. 583; *Binzel v. Grogan,* 67 id. 147.

CASSODAY, J. The only question presented is whether the defendant's interest in the notes and mortgage, which were "proceeds derived from" the sale of his homestead, was exempt for the period of "two years," as provided by sec. 2983, R. S. It certainly was exempt if "held with the

intention to procure another homestead therewith," during that period. *Ibid.* The same is true if intended to be used during that time in completing or improving such new homestead. We think the circuit court was justified in finding that such interest was held with such intent. The case comes squarely within the spirit and reasons of the repeated decisions of this court, which need not be again repeated. *Hewett v. Allen*, 54 Wis. 583; *Scofield v. Hopkins*, 61 Wis. 370; *Binzel v. Grogan*, 67 Wis. 147.

*By the Court.*— The order of the circuit court is affirmed.

