## MURPHY vs. CROUCH.

*Homestead exemption.*

A conveyance of the homestead by parents to their son, to induce him to live with them on the place, which they were to assist him in cultivating, being merely a means of applying the homestead more effectually to the maintenance of the grantors, *held* not to extinguish their rights under the homestead exemption law, as found in the Revision of 1849. *Hoyt v. Howe*, 3 Wis. 752, distinguished.

APPEAL from the Circuit Court for *Sauk* County.

Action to annul a sheriff's certificate of sale of real property, and restrain the execution of a deed thereon. The facts alleged in the complaint are substantially as follows: In April, 1864, plaintiff owned the land in question, being forty acres of agricultural land, and lived

upon it as a homestead; but, by reason of old age and other infirmities, he and his wife became unable to cultivate the land, and, the better to insure their support therefrom, he entered into an agreement with their son, Nicholas Murphy, to the effect that the latter should come and live with them, and cultivate said land, plaintiff and his wife "rendering such assistance as they were able, and having their support from the land during their lives, and said Nicholas to have the premises at their decease, or subject to their support." In pursuance of this agreement, plaintiff and his wife, on the day above mentioned, deeded the land to said Nicholas, taking from him a bond, secured by a mortgage on the land, in the penal sum of $600 (which was about the value of the premises), conditioned to furnish plaintiff and wife, as long as either of them should live, with good and comfortable boarding and lodging at his own house, and with all necessary clothing, and with medical care and assistance during sickness. Under this agreement, said Nicholas came and lived on the premises in the family of plaintiff and his wife, cultivating the land with their aid, and rendering them their support, until December, 1866, when he refused any longer to comply with the terms of said bond and mortgage, abandoned the premises, and released his interest to plaintiff. A judgment had been rendered against plaintiff in said court, in 1857, for $160, and *Crouch* had become owner thereof; and he had an execution issued under said judgment, and levied on the premises; and they were sold by the sheriff in January, 1867, and the usual certificate of sale issued; which is the certificate here sought to be annulled.

A demurrer to the complaint, as not stating a cause of action, was overruled, and judgment rendered against defendant; from which he appealed.

*Hopkins & Foote*, for appellant, argued that the plaintiff, as mortgagee, after the deed this soon, did not *own* the land (1 East, 288; 2 Burr. 969; Dougl. 630; 11

Johns. 534, 455, 114 ; 4 id. 41 ; 19 id. 325 ; 5 Johns. Ch.
570 ; 5 McLean, 194 ; 1 Wall. 53 ; 6 Wis. 257 ; 7 id. 566–
572 ; 12 id. 499, 579) ; that the mortgagor was the *owner*
(11 Wis. 118) ; that when the land was conveyed to the
son, the lien of the judgment could be enforced against
it (*Hoyt v. Howe*, 3 Wis. 752) ; and that the enforcement
of such lien could not be prevented by the plaintiff's
subsequently taking title to the land again, and occupy-
ing it as a homestead. *Upman v. Second Ward Bank*,
15 Wis. 449.

*J. Mackey*, for respondent.

PAINE, J. It seems to us very clear that, upon the
facts stated in the complaint, the conveyance by the
plaintiff to his son did not extinguish his right to claim
the property as his homestead. That conveyance was
made solely for the purpose of enabling the plaintiff
better to derive his support from the homestead, which
was the very design the law intended to secure. The
agreement was, that the son was to come and live with
the parents, and the latter were to continue to live on
the place, and assist, as far as they were able, in its cul-
tivation. And for this assistance and the conveyance,
they were to have a home on the place and their sup-
port during their lives. It would be extraordinary
indeed if a conveyance upon such an agreement as this
should be held to be within the rule established in *Hoyt
v. Howe*, 3 Wis. 752. The legislature immediately
changed that rule, as to all cases. But certainly such a
rule never would have been applied to a case like this,
where the conveyance was merely a means of applying
the homestead more effectually to the support and main-
tenance of its aged and infirm owner.

*By the Court.*— The judgment is affirmed, with costs.