McFARLAND (AUGUSTINE v.). See Case No. 648.

## Case No. 8,789.
### McFARLAND v. GOODMAN et al.
[6 Biss. 111;[1] 11 N. B. R. 134; 13 Am. Law Reg. (U. S.) 697.]

Circuit Court. E. D. Wisconsin. June. 1874.

BANKRUPTCY—HOMESTEAD—DECREE —PRIVITY— ESTOPPEL—DOWER.

1. Where a conveyance of the homestead, executed by a bankrupt and his wife, has been set aside at the suit of the assignee in bankruptcy, the homestead rights remain, and the assignee holds subject to them.
[Cited in Re Detert. Case No. 3,829; Re McKenna, 9 Fed. 36.]

2. A decree declaring such conveyance fraudulent and void, and requiring the defendant to convey to the assignee, does not establish title in the assignee under such defendant, nor any privity between them.
[Cited in Blair v. Smith, 114 Ind. 126, 15 N. E. 822.]

3. The conveyance by the bankrupt and wife works no estoppel in favor of the purchaser from the assignee, and he has no title to support ejectment.
[Cited in Fellows v. Lewis. 65 Ala. 343.]

[1] [Reported by Josiah H. Bissell, Esq., and here reprinted by permission.]

4. Dower and homestead rights are governed by the same rules and principles.

[This was an action at law by Henry J. McFarland against Charles Goodman and others.]

James G. Jenkins, for plaintiff.

Levi Hubbell and Wm. P. Lynde, for defendants.

HOPKINS, District Judge. This is an action of ejectment for the recovery of forty acres of land, which is in the possession of and claimed by Gaius Munger and Celia his wife, as a homestead. The validity of that claim is the principal question, and the result of the case depends upon its determination. Under the issue joined herein, it is necessary for the plaintiff to establish his title and right to possession.

Ejectment is a possessory action to the extent that the right of possession to the premises, on the part of the plaintiff, at the commencement of the suit, is essential to a recovery. Title without right of possession is not enough. It is a maxim of universal application in ejectment, that the plaintiff must succeed upon the strength of his own title, and not upon the weakness of his adversary's. So a plaintiff fails unless he shows title in himself, irrespective of the question of the validity of the defendant's title.

The solution of the principal question depends almost wholly upon the effect of the deed of Gaius Munger and wife to Isadore G. Munger, their daughter, bearing date on the 2d day of December, 1869, which was subsequently set aside and vacated, in a suit in equity prosecuted by the assignee of Gaius Munger in bankruptcy, against Isadore, the grantee, on the ground that it was fraudulent as to creditors.

The plaintiff derives title to the land under a deed from the assignee; so, if the bankrupt's homestead right was not cut off by the deed, or if the right to assert it revived and reverted to him and his wife, on setting aside their deed, then his claim of title thereto must fail.

From the evidence, it appeared that the land in question had been occupied by Gaius Munger and his wife as a homestead for over thirty years; that, connected with it, were about four hundred acres more, which had been used as a farm up to the 2d of December, 1869, when they conveyed the whole to their daughter Isadore G., as above stated; that the only money consideration was $100, but it was agreed between them that Gaius and his wife were to continue to occupy the premises as a homestead during their natural lives, and were to be supported by Isadore during their joint lives; that, soon after executing the deed, proceedings in bankruptcy were instituted against Gaius Munger, which resulted in his being declared a bankrupt, and the appointment of an assignee of his estate; that the assignee, soon after his appointment, filed a bill in the district court of this district against Isadore G. Munger, to set the deed aside as fraudulent and void as against the bankrupt's creditors, which resulted in a decree, bearing date on the 5th of February, 1872, declaring said deed to be fraudulent and void as to the creditors of said bankrupt and the complainant, his assignee, and setting aside and wholly vacating it, and declaring that the defendant Isadore, as against the complainant therein, acquired no right or title to, or interest in, the premises, or any part thereof, by virtue of such deed, and declaring that the premises were the property of the complainant as assignee in bankruptcy, and also decreeing that Isadore convey them to the assignee upon demand; but no conveyance had been made by her before the trial of this suit.

There was no question made in that suit upon the homestead question or right of Gaius Munger and his wife, nor was any decision made upon that point therein. After the entry of said decree, an application was made before the district court, sitting in bankruptcy, by Gaius Munger, to have the homestead set off; but it does not appear that any definite decision was ever made upon that application, except that the assignee, in obedience to the instruction of the court, sold the real estate, subject to any legal claim of the said Gaius Munger to a homestead therein; which sale the court confirmed.

The defendant, Gaius Munger, gave notice of his claim to this property, at such sale, as his homestead; and, after the confirmation, the plaintiff, with full knowledge of such claim of Gaius, took the assignee's deed of all the premises conveyed to Isadore, which covered the premises involved in this suit.

The assignee's deed did not contain the reservation or exception as to Gaius Munger's homestead rights, but the counsel for the plaintiff consented on the trial to treat it as containing such exception or reservation. The plaintiff obtained possession of all except the part in controversy here. Gaius and Celia his wife claimed their homestead exemptions under the state laws, and refused to surrender possession of that part.

By the state statute there is exempted to a debtor forty acres of agricultural land, or a quarter-of-an-acre lot in a city or village, owned and occupied by such debtor as a homestead. The owner of such homestead cannot alien it unless his wife join in the deed. The deed of the husband alone is void. Hait v. Houle, 19 Wis. 472 [2 Allen, 203.][2] The separation of the land by a highway running through it, does not defeat the homestead claim, provided it is all in one body. Bunker v. Locke, 15 Wis. 635.

---

[2] [From 11 N. B. R. 134.]

His right to it as a homestead, up to the time of the deed, is not questioned. The possession, after the deed, continued as before. The agreement that he should so enjoy it, was faithfully kept. That deed being set aside and vacated as to the assignee, the question arises as to the extent of the assignee's interest. Had the assignee any greater interest in the land than he would have had if the deed had not been given?

Section 14 of the bankrupt act [of 1867 (14 Stat. 522)], invests an assignee with the title "to all property conveyed by the bankrupt in fraud of his creditors." Property so conveyed is considered as still belonging to the bankrupt, and passes the same as if the title had not been changed. The assignee takes such property under and by virtue of the bankrupt act, not under or through the grantee; and if he takes title under the bankrupt act, why cannot the bankrupt assert the exemptions and rights secured to him by the act? The 14th section, after providing for an assignment of the property of the bankrupt, declares that there shall be excepted from the operation of the act, such property as is exempt from execution sale "by the laws of the state in which the bankrupt has his domicil," and "that such exceptions shall operate as a limitation upon the conveyance of the property to his assignee." It operates like a general execution, in favor of all creditors, and takes all property subject to levy, and only such as may be made available upon judicial process to the payment of debts of the bankrupt. In re Deckert [Case No. 3,728].

These provisions and restrictions, it seems to me, apply to all property that passes to the assignee under the act, including such as has been transferred to defraud creditors, as well as that where the title is ostensibly in the bankrupt. If so, he takes no greater interest in the one case than in the other. The limitation applies to all he acquires under the bankrupt act, and he cannot be heard to deny the bankrupt's title to property which he receives and claims through and under the operation of the bankrupt law. He cannot deny and affirm the bankrupt's title at the same time. The real estate covered by the annulled deed having been treated as the bankrupt's property, I think it must be considered, as to the plaintiff in this case, as such, and subject to all the rights of the bankrupt and his wife reserved to them by the bankrupt law. This construction gives effect to all the provisions and limitations of section 14, and secures to all parties their rights.

But, in view of the facts of this case, this construction is eminently just, for it was agreed that the grantors, who were old and feeble, should, notwithstanding the deed, occupy this property as their home and be supported there by the grantee during their lives.

The deed, under such circumstances, did not extinguish their homestead rights. Murphy v. Crouch, 24 Wis. 365. That agreement they could enforce, as against their grantee, and a court of equity would set aside the deed in case of her refusal to perform it. So that the equitable right of the bankrupt to this property as a homestead had not been unconditionally surrendered, or placed where he could not enforce it against his grantee, if the deed had not been annulled in the interest of the creditors. But I do not wish to be understood as resting my decision on this ground alone. I think the bankrupt's homestead rights sustainable upon broader and more comprehensive grounds. The deed being set aside, and the creditors restored to their rights as they existed before the deed, upon what principle should the bankrupt be denied his rights, as they were before the deed? In the case of a homestead, there is a peculiar reason for the adoption of this rule. The homestead is exempted for the benefit of the family of the debtor; he cannot deprive them of it without the signature of his wife. To transfer it, requires their joint deed. Her right in it is not simply inchoate, like dower, but present, possessory and indefeasible by her husband. Neither can convey it except by joining with the other in the deed. A defective deed, or deed inoperative and void, as to either, is in my opinion ineffectual and void as to both, and does not convey any title.

It is said that she voluntarily executed this deed with her husband; that she probably knew of his unlawful purpose. Suppose that to be the case. I do not think it alters her rights. The position of a wife is such, and the influence of the husband over her, that she is not held answerable for his frauds.

Homestead laws are now favorably construed by courts, as in the interest of the debtor's family. In support of this proposition, I need only refer to the enlightened decisions of our own state supreme court.

That court has decided that a deed of the homestead cannot be set aside as fraudulent as to creditors; for the reason that, as the creditors had no right to have it applied in payment of their debts while in the possession of the debtor, they could not be defrauded by its conveyance, and could not follow or reach it in the hands of the alleged fraudulent purchaser. Dreutzer v. Bell, 11 Wis. 114; Pike v. Miles, 23 Wis. 164.

If the assignee claimed under this deed, or could claim under it, a different result would follow. But he does not: he acquired the bankrupt's title by operation of law, in hostility to the deed. He has no privity of estate or connection of any kind with the grantee. He cannot maintain it to be both good and bad. The law allows no such paradox. Nor can he enforce the grantee's rights, if she have any, as was contended by the plaintiff's counsel on the trial. I am aware that the decisions of the courts are not entirely in accord on this question; but the conclusion I have reached is not without the

support of many well-considered opinions of other courts, federal as well as state. A different rule might apply to personal property, for the wife in this state has no interest in that, or right to prevent its disposition by the husband, so that the same reason for her protection in the use of that, does not exist; but I do not determine upon that question. This action relates to the homestead exemption, and my decision is not intended to go beyond that question.

Judge Dillon, in Cox v. Wilder [Case No. 3,308], examined this question and the kindred one of dower, and decided that a deed executed by husband and wife to defraud creditors did not bar the wife's dower, nor defeat her right to the homestead under the laws of Missouri. The same doctrine substantially is laid down in Woodworth v. Paige, 5 Ohio St. 70; [Robinson v. Bates, 3 Metc. (Mass.) 40; Vogler v. Montgomery, 54 Mo. 577;] [2] and by Judge Withers, in Re Pratt [Case No. 11,370].

This brings me to the consideration of the effect of the decree in the suit of the assignee against Isadore Munger. If Gaius Munger and his wife had been parties to that suit, and such a decree had been entered, they would have been concluded; but not being parties, they are not affected by it. But if they had been joined in that suit, they could have set up their homestead claim; and, if they had, according to decision in Dreutzer v. Bell, et al., supra, the deed as to the homestead portion would not have been declared void; the title to the homestead portion would have been confirmed in their grantee, and, as between her and the bankrupt and his wife, it was to continue to be their homestead during their natural lives. They, in that case, would have had the full benefit of their right under the statute. But the assignee omitted to make them parties, and took a decree annulling the deed as to the whole land embraced in the deed, without reservation.

The decree doubtless estops Isadore and all persons claiming under her, from ever setting up any title to any portion of the premises, under that deed, as against the complainant and those claiming under him. It, as before said, not only declared the deed void and that she acquired no title under it, but it required her to convey to the assignee all her right and title. This clause, except for some others which most emphatically declare that she acquired no title, might be considered as conceding some title in her; but I think such is not the fair construction. It was inserted for greater caution, and only to quiet the title against the deed; not meaning that she was to transfer an independent substantial title. Thus interpreted, it is consistent and not contradictory, and does not establish any title in the assignee under her, nor any privity between her and the assignee. In the case of Winship v. Lamberton [unreported], referred to by Judge Thurman, in Woodworth v. Paige, supra, the decree set aside the deed as fraudulent as to creditors, and required the fraudulent grantee to convey to assignee or receiver, like the one under consideration. The wife joined with her husband in executing the fraudulent deed in that case as in this, but the court held that neither the deed nor decree barred her dower; that the clause in the decree requiring a conveyance was not meant to pass an independent title, but simply to quiet the title against the deed; and the widow was allowed her dower, notwithstanding she had signed the deed, the court holding that the annulled deed could not be interposed to defeat her dower. If such a deed and decree annulling it, do not defeat a widow's right of dower, upon what ground can it be maintained that they estop the widow from asserting her claim to the homestead? There is nothing in the nature of the rights to cause any difference, and I think if she is not estopped as to her dower-right, she is not as to her homestead.

But there is another difficulty in the plaintiff's way, upon the theory contended for. He is neither a party nor privy to this deed; and the rule is well settled that a stranger cannot set up an estoppel, because there is no reciprocity. Estoppel only binds parties and privies; so that, unless he derives title under the deed, he cannot assert the rights of the grantee under it. Pixley v. Bennett, 11 Mass. 298 [1 Washb. Real Prop. 234; Sears v. Hanks, 14 Ohio St. 298.] [2] Again, in Morton v. Noble, 57 Ill. 176, it is said, "We fully recognize the doctrine, that when the deed from the husband and wife becomes inoperative as to the husband's estate, because made in fraud of the rights of the creditors, * * * or by reason of any wrongful act on the part of the husband, the wife is not barred by the deed." [Citing in support of that doctrine 11 Ill. 384; 13 Ill. 483; 16 Ill. 122, and 23 Ill. 634.] [2]

If this is the true doctrine as to the dower right, and there is no distinction between dower and homestead rights, these authorities effectually dispose of the case. They clearly support the claim of the defendants, Gaius Munger and Celia Munger to the property as a homestead, and decide, that as against the assignee, who took in hostility to their deed, they are not estopped by it; but as against him they can maintain their exemptions, and also that the decree against Isadore does not affect them, and that the assignee does not derive any new title as against them therefrom.

Such being the rights of the parties as against the assignee in bankruptcy, the plaintiff who purchased of the assignee, and with full knowledge of the condition of the estate and claims of Gaius Munger, occupies no better position than the assignee. By the deed he succeeded to the rights of the assignee only;

[2] [From 11 N. B. R. 134.]　　　　　　　[2] [From 11 N. B. R. 134.]

and, as I have determined that the defendants are entitled to their homestead exemption as against the assignee, the title of the plaintiff to this property, it being their homestead, has failed, and the plaintiff has failed therefore to show title to the property in controversy.

I therefore find that the plaintiff is not the owner of the premises described in the complaint, nor is he entitled to the possession thereof; and direct judgment in favor of the defendants with costs.

NOTE. The waiver of the homestead right in favor of a particular creditor does not inure to the benefit of the assignee or other creditors. In re Poleman [Case No. 11,247]. The homestead exemption does not protect a debtor in property fraudulently acquired, and its privileges may be forfeited by fraud. Pratt v. Burr [Id. 11,372].