SHAW and others, Respondents, vs. KIRBY and others, Appellants.

*May 2 — May 22, 1896.*

*Homesteads: Acquisition: When exemption attaches.*

Where land answering the statutory description is purchased with the *bona fide* intention of making it a homestead, and such intention is evidenced by overt acts in fitting it to become such, and followed by actual occupancy within a reasonable time, the homestead exemption relates back to the time of the purchase.

APPEAL from a judgment of the circuit court for Taylor county: E. B. BUNDY, Judge. *Affirmed.*

The plaintiffs have the legal title to and are in possession of forty acres of land not situated in a city or village. They obtained their title from one Lewis Brown, who purchased and received a conveyance thereof, May 22, 1880. The defendants obtained and docketed a judgment against Brown February 6, 1883. In December, 1892, the defendants caused an execution to be issued and a levy made upon said premises, and they threaten to sell the same upon such execution. This action was brought in equity to perpetually enjoin such sale, on the ground that the premises were the homestead of Lewis Brown, and that the lien of the judgment never attached. This is the only question in the case.

The facts were not materially in dispute. In addition to the facts above stated, the circuit judge found that Brown purchased the land in May, 1880, with the intention of making it his homestead; that he cleared a part of it and dug a well thereon in 1880, erected a small house thereon in 1881, which was occupied by his father-in-law, Kleiber, until June, 1882; that one Squires then rented the house, and lived in it until April, 1883, paying rent by building an addition to the house; that Brown moved into the house with his family in April, 1883, and lived there until his death in January, 1887, his family living there until January, 1889; that Brown

used the premises for keeping his live stock of various kinds thereon, continuously, from the time of his purchase in 1880, and also planted fruit and shade trees thereon, and used the cellar of the house for keeping his vegetables and milk; that, at the time of the rendition of said judgment, Brown had no other real estate except said forty acres, and had not owned any for some time prior thereto; that Brown and family lived in rented premises at the time the judgment was docketed, and up to April, 1883.

From these facts the court found, as a conclusion of law, that the forty acres in question was Brown's homestead, and that the defendants' judgment was not a lien thereon, and rendered a judgment perpetually enjoining the sale of the same upon said execution. From this judgment the defendants appealed.

For the appellants there was a brief by *Edward E. Browne,* attorney, and a brief in reply signed also by *E. L. Browne,* of counsel, and the cause was argued orally by *Edward E. Browne.*

For the respondents there were separate briefs by *John B. Hagarty,* attorney, and *E. H. Schweppe,* counsel, and oral argument by *Mr. Hagarty.*

WINSLOW, J. This case is ruled by the case of *Scofield v. Hopkins,* 61 Wis. 370, 375. It was said, in that case, that "the *bona fide* intention of acquiring the premises for a homestead, without defrauding any one, evidenced by overt acts in fitting them to become such, followed by actual occupancy within a reasonable time, must be held to give to the premises answering the description prescribed in the statute the character of a homestead; and the homestead exemption thus secured . . . relates back to the time of purchase with such intent to make the premises a homestead."

Applying these principles of law to the present case, it is very plain that the judgment is right.

*By the Court.*— Judgment affirmed.