ELSNER, Respondent, vs. DORN, Respondent, and HAUCK
and another, Appellants.

*May 12—June 5, 1908.*

*Homestead: Exemption: Mortgages: Foreclosure: Order of sale.*

1. The right to have a homestead exempt from liability for debts
   is to be preferred in equity to the rights of creditors.
2. After defendant had established her homestead upon half of a
   lot owned by her, in a house built with money raised by a
   mortgage of the whole lot, contractors for the remodeling of a
   house on the other half lot obtained a mechanic's lien upon
   such other half and bought it in at the sale on foreclosure of
   their lien. *Held,* that upon foreclosure of the mortgage on the
   whole lot the half so acquired by the contractors, which was
   not the homestead, was properly ordered to be sold first.

APPEAL from a judgment of the circuit court for Milwau-
kee county: WARREN D. TARRANT, Circuit Judge. *Affirmed.*

The defendant *Augusta Dorn* was the owner of a lot in the
city of Milwaukee which extended from Twenty-fourth street
to West Twenty-fourth street in the block between Hadley
and Center streets. For many years she had occupied it as
her homestead, living in an old house which stood on the half
of the premises fronting Twenty-fourth street. She entered
into a contract with the defendants *Hauck* and *Bartelt* for
the erection of a house on the other half of the premises,
which fronts on West Twenty-fourth street, with the inten-
tion of occupying the same as her homestead. This house
was completed, accepted, and occupied, and paid for with
money raised on, a mortgage executed by *Augusta Dorn* on
the whole of the premises. Thereafter she entered into a
contract with *Hauck* and *Bartelt* to remodel and rebuild the
old house fronting on Twenty-fourth street. While the re-
modeling was being done trouble arose between the parties to
the contract and *Hauck* and *Bartelt* filed a mechanic's lien
against the half of the premises fronting on Twenty-fourth
street. They obtained judgment against *Augusta Dorn,* and

her interest in the half of the premises fronting on Twenty-fourth street was sold to them for less than the amount of the judgment, and a deficiency judgment was ordered in their favor. They thereafter completed and remodeled the old house without regard to the plans and specifications according to which the contract for remodeling and constructing the building had been made.

The instant action was commenced to foreclose the mortgage given by *Augusta Dorn* on the whole premises. She answered, demanding that the part of the premises fronting on West Twenty-fourth street which she occupied and claimed as her homestead should be sold separately and last. The defendants *Hauck* and *Bartelt* asked that this part of these premises should first be sold to satisfy the mortgage. The court found that the house and a part of the premises fronting on West Twenty-fourth street was the homestead of the mortgagor, and ordered that the other half of the premises should be first sold to satisfy the mortgage. This is an appeal by the defendants *Hauck* and *Bartelt* from such judgment.

For the appellants the cause was submitted on the brief of *J. F. Griffin.*

*Adolph Huebschmann,* for the respondent *Dorn.*

SIEBECKER, J. Appellants assert in effect that it is inequitable under the circumstances to sell first for satisfaction of the mortgage debt the portion of the premises not included in the mortgagor's homestead. It is evident that when appellants' lien arose the mortgagor, *Mrs. Dorn,* had established her homestead right to the premises she now occupies and that she was entitled to all the benefits that inhere in a homestead right. It has been held by this court that this right is superior in equity to that of creditors.

"The right of the owner to have his homestead exempt from 'liability in any form' (R. S. sec. 2983) for his debts is superior to the equity of a creditor to have it applied to the

payment of his debt. However it may have been formerly and in the absence of a statute declaring his right, it is now the settled policy of the law to prefer the homestead right as against the rights of creditors." *Clancey v. Alme,* 98 Wis. 229, 73 N. W. 1014.

Under the facts of this case the court properly adjudged that the portion of the mortgaged premises constituting the mortgagor's homestead should not be sold or offered for sale until the other lands embraced in the judgment have been so offered and sold.

*By the Court.*—Judgment affirmed.