REEVES & COMPANY, Appellant, vs. SAXTON and another, Respondents.

*January 11—January 31, 1911.*

*Homestead: Exemption from execution: What occupancy gives right.*

Mere occupation of premises with permission of the life tenant by one having only a remainder or reversion after the termination of the life estate, does not entitle the occupant to claim the premises as his homestead, exempt from execution under sec. 2983, Stats. (Supp. 1906: Laws of 1901, ch. 269, sec. 1). Although by said statute the exemption extends "to any estate less than a fee held by any person by lease, contract or otherwise," there must be a present right of occupancy by title in the person claiming the homestead.

APPEAL from an order of the circuit court for Winnebago county: GEO. W. BURNELL, Circuit Judge. *Reversed.*

This is an appeal from an order enjoining the sale of the property described in the complaint on the ground that it was the homestead of the defendant *Erastus Wilber Saxton.* The property belonged to Catherine Saxton, mother of *Erastus Wilber Saxton,* and in the year 1905 she deeded it to her son *Erastus Wilber Saxton,* but reserved "the use and occupancy during her natural life." At the time this action was commenced said *Erastus* was occupying said property as his homestead with the consent and approval of his mother, which said property does not exceed in value $5,000 and does not exceed in extent more than a quarter of an acre, and is located within the corporate limits of the city of Appleton, Wisconsin. Judgment was obtained against the defendants and an execution issued, and the proceeding resulting in the injunctional order made grew out of the claim of defendant *Erastus Wilber Saxton.*

For the appellant there was a brief by *Gerrit T. Thorn,* and oral argument by *Mr. Thorn* and *Mr. Charles H. Forward.*

For the respondent *Saxton* there was a brief by *A. M. Spencer* and *Henry D. Ryan,* and oral argument by *Mr. Spencer.*

KERWIN, J.   The court is of opinion that this case is ruled by *Cornish v. Frees,* 74 Wis. 490, 43 N. W. 507.   It is considered that there must be a present right of occupancy by title in the person claiming the homestead, and that in the present case the right of occupancy and title is in Catherine Saxton, mother of defendant *Erastus Wilber Saxton,* and the defendant *Erastus Wilber Saxton,* having only a remainder or reversion after the termination of the life estate, has no present right of occupancy sufficient to carry with it the privileges of homestead rights during the life estate in his mother, even though permitted to live with her on the premises.   Appellant relies upon the following authorities: Tiedeman, Real Prop. § 212; 21 Cyc. 503; *Cornish v. Frees,* 74 Wis. 490, 43 N. W. 507; *Brokaw v. Ogle,* 170 Ill. 115, 48 N. E. 394; *Murchison v. Plyler,* 87 N. C. 79; *Merrifield v. Merrifield's Assignee,* 82 Ky. 527; *In re Sale,* 143 Fed. 310; *Hampton v. Gilliland,* 23 Tex. Civ. App. 87, 56 S. W. 572; *Roach v. Dance,* 26 Ky. Law Rep. 157, 80 S. W. 1097.

The respondent relies upon sec. 2983, Stats. (1898), as amended (Supp. 1906: Laws of 1901, ch. 269, sec. 1), and especially upon the following portion:

"Such exemption shall extend to land not exceeding altogether the amount and value aforesaid, owned by a husband and wife jointly or in common and to the interest therein of a tenant in common or two or more tenants in common, having a homestead thereon, with the consent, expressed or implied, of the cotenants, and to any estate less than a fee held by any person by lease, contract or otherwise."

Also sec. 2984*a,* Stats. (Supp. 1906: Laws of 1901, ch. 269, sec. 3), which reads:

"Wherever the word homestead is used in the statutes of 1898 or in any law of this state or in this act, it shall be defined to be the estate or interest in land as defined and set forth in sec. 1 of this act."

Stress is specially placed on the language of the statute, "to any estate less than a fee held by any person by lease, contract

or otherwise," and it is contended that the occupancy by the defendant *Erastus Wilber Saxton* through his mother brought him within the language and spirit of the statute under the liberal rule in favor of homestead rights.    Respondents rely on the provisions of the statutes before cited and the following authorities: *In re Kaufmann,* 142 Fed. 898; 1 Washb. Real Prop. (3d ed.) 562; *Elsner v. Dorn,* 136 Wis. 73, 116 N. W. 768; *Bartle v. Bartle,* 132 Wis. 392, 112 N. W. 471; *Murphy v. Crouch,* 24 Wis. 365.    In addition to the authorities cited by counsel we have examined several others, notably *Bartholomew v. West,* 2 Dill. 290, 2 Fed. Cas. 963; *Lozo v. Sutherland,* 38 Mich. 168; *In re Swearinger,* 5 Sawy. 52, 23 Fed. Cas. 527; *Wright v. Bond,* 127 N. C. 39, 37 S. E. 65; *Hampton v. Gilliland,* 23 Tex. Civ. App. 87, 80 S. W. 1097; *Davis v. Brown* (Tenn. Ch. App.) 62 S. W. 381; *Roach v. Dance,* 26 Ky. Law Rep. 157, 80 S. W. 1097.    Decisions from other states, however, are not very helpful, since they are based upon statutes quite different from ours.

The question is not free from difficulty, especially in view of the changes made in our statutes on the subject since the decision in this court in *West v. Ward,* 26 Wis. 579; but the court is of opinion that the defendant *Erastus Wilber Saxton* had no homestead rights in the premises, therefore the order must be reversed.

*By the Court.*—The order appealed from is reversed.