STATE BANK OF WAUPUN, Appellant, vs. STORM, imp., Respondent.

*April 5—April 29, 1919.*

*Homestead: Exemption: Intent to occupy land as homestead: Overt act: Evidence.*

1. To make land exempt as a homestead before a lien attaches, there must have existed on the part of the owner an intention in good faith to occupy the premises as a homestead prior to the time when the lien attached, which intention must have been evidenced by some overt act indicating a purpose to make the premises a homestead.
2. Where the owner of land, with premises used as a saloon, left his former residence and moved onto such premises, the fact that he discharged his bartender, who had formerly managed the saloon, required the bartender to move from the premises so as to make room for his family, and took over the business, though his family, because of illness, could not leave their former residence, was an overt act and sufficient evidence of intention to make the property his homestead.
3. The fact that the owner took out a license for a saloon to be conducted on the premises is entitled to some weight upon the question whether he intended to make such premises his homestead.

APPEAL from an order of the circuit court for Juneau county: MARTIN L. LUECK, Circuit Judge. *Affirmed.*

The defendant is the head of a family. For about six years prior to the time in question he had occupied a house in the city of Waupun. In 1912 he purchased a place at Bur-

nett, consisting of a lot upon which there was a residence, and adjacent to the residence he built a saloon. He continued his business at Waupun and continued to live there, renting the saloon at Burnett. On May 6th, while the family of the defendant was still at Waupun, the defendant in the meantime having taken over the saloon at Burnett, the residence and saloon were destroyed by fire. There was upon the property at the time a policy of insurance issued by the garnishee defendant. The plaintiff commenced suit against the defendant and garnished the moneys in the hands of the garnishee defendant. The trial court held that the insurance was exempt because it was in effect the proceeds of a homestead. Sub. (17), sec. 2982, Stats. From the order of the circuit court plaintiff appeals. Other facts are stated in the opinion.

For the appellant there was a brief by *Lines, Spooner & Quarles,* and oral argument by *Leo Mann,* all of Milwaukee.

For the respondent there was a brief by *Wangerin & Wengert* of Milwaukee, and oral argument by *Eugene Wengert.*

ROSENBERRY, J.    Sec. 2983, Stats., provides as follows:

"A homestead to be selected by the owner thereof . . . and the dwelling house thereon and its appurtenances owned and occupied by any resident of this state shall be exempt from seizure or sale on execution, from the lien of every judgment and from liability in any form for the debts of such owner to the amount in value of five thousand dollars."

The section further provides that the exemption shall not be impaired by temporary removal nor by sale, but shall extend to the proceeds derived from such sale while it is held with the intention of procuring another homestead, and contains certain other provisions not material here.

Adjacent to the brewery at Waupun there was a house which was occupied by the defendant. Prior to July 1, 1916, the saloon and residence at Burnett were leased to

various tenants.　On July 1, 1916, the defendant took out a license in his own name and engaged a barkeeper to run the saloon.　Meantime a mortgage upon the brewery property at Waupun had been foreclosed, although the period of redemption had not fully expired.　The defendant testified:

"After we·sold the beer [referring to the last sale at Waupun] I went into my property at Burnett in the saloon business and intended to move my family down there too, but the youngest child, two years of age, had pneumonia, and being very sick we could not move him.　At that time, March 27th, I had a bartender and I discharged him and ran the business myself.　I couldn't move my family on account of sickness."

The men who ran the business lived in the premises with their families, those who had families.

The question is whether or not, under the facts and circumstances, the land became the homestead of the defendant in a legal sense before the lien attached.　In order to bring the property within the exemption there must, of course, have existed on the part of the defendant an intention in good faith to occupy the premises as a homestead; such intention must have existed prior to the time when the lien attached, and it must have been evidenced by some overt act indicating a purpose to make the premises a homestead. *Scofield v. Hopkins,* 61 Wis. 370, 21 N. W. 259.　The defendant had no other homestead.

It is argued that there is no overt act which evidences an intention on the part of the defendant to make the property in question his homestead.　We think the discharge of the bartender, which required him to move his family from the premises so that they could be occupied by the defendant, together with the taking over of the business by the defendant, is sufficient evidence of his intention, and under all the circumstances an overt act within the meaning of the law.

It is also argued that the fact that the defendant took charge of the saloon is not significant, because he may have intended to run the business until the license expired, and

that the act is as consistent with one course as with the other. The fact that in July of the previous year he took out the license in his own name should be given some weight.  In *Shaw v. Kirby*, 93 Wis. 379, 67 N. W. 700, up to the time of entering the judgment there was no overt act which was not as consistent with an intent to improve and sell the farm as with the intent to improve and occupy it; nevertheless the homestead claim was upheld.  In that case there was subsequent actual occupancy; here it was rendered impossible.  In that case the intent may have been formed after entry of judgment; here the taking out of the license, the closing out of the business at Waupun, the discharge of the bartender, his vacation of the premises, the occupancy by the defendant as far as his circumstances permitted, together with his declared intention, are circumstances sufficient to establish the character of the premises as a homestead.

*By the Court.*—Order affirmed.

ESCHWEILER and OWEN, JJ., dissent.