ZOLANDEK, Appellant, vs. FIRST NATIONAL BANK OF STEVENS POINT, Respondent.

*September 15—October 10, 1933.*

For the appellant there was a brief by *Wehe & Landry* of Milwaukee, and oral argument by *Waldemar C. Wehe*.

For the respondent there was a brief by *Fisher, Cashin & Reinholdt* of Stevens Point, and oral argument by *William E. Fisher*.

OWEN, J.   The plaintiff acquired title to the property in Stevens Point, described in his complaint, and which will hereinafter be referred to as the Union street property, in the year 1907.   He occupied said premises continually from that time until May 13, 1929.   Some time prior to May 13, 1929, plaintiff's wife, as the heir of her mother, acquired title to certain premises located on Fourth avenue, in Stevens Point.   On the 13th day of May, 1929, plaintiff, his wife and family, moved from the property described in the complaint to the Fourth avenue property.   They did this after spending some $6,000 in the repair of the dwelling located on the Fourth avenue property.   The repairs so made were of a permanent nature and included, among other things, the laying of new floors, taking out partitions, installing entirely new plumbing, and putting in a new tile bath room. Plaintiff and his wife lived there until July 12, 1930, when they returned to the Union street property.   The judgment which is claimed to be a lien on the premises was rendered on the 17th day of May, 1930.

The trial court held that the plaintiff abandoned the Union street property as his homestead when he moved with his wife to the Fourth avenue property, and that the Union street property is subject to the lien of the judgment.

The judgment of the lower court cannot be disturbed by this court unless the findings are against the great weight and clear preponderance of the evidence. The question of intent is to be determined by all surrounding facts and circumstances. It will be, unnecessary for us to review the evidence at length. Suffice it to say that it amply supports the finding that plaintiff removed from the Union street property with the intention of making the Fourth avenue property his future permanent home. We discover no reason for disturbing the judgment of the circuit court, and it must be affirmed.

*By the Court.*—So ordered.