464

ESTATE OF FISH : FISH, Respondent, vs. EWING, Exccutrix, Appellant.

*February 8—March 6, 1934.*

For the appellant there was a brief by *Owen Ritland,* attorney, and *Arnold & Johnston* of counsel, all of Beloit, and oral argument by *W. H. Arnold.*

For the respondent there was a brief by *Fiedler & Garrigan* of Beloit, and oral argument by *G. A. Garrigan.*

FOWLER, J.   We must review the judgment below under the established rule that the findings of fact of a trial judge will not be disturbed unless "against the great weight and clear preponderance of the evidence." *Zolandek v. First Nat. Bank of Stevens Point,* 212 Wis. 632, 250 N. W. 391. We are of opinion that under this rule we cannot overthrow the findings of the trial court.

The law governing the abandonment of homesteads has been recently so fully and clearly stated in *Pedersen v. Nielsen,* 212 Wis. 608, 250 N. W. 400, that we see no good reason for further statement or discussion of it.

The appellant contends that if the homestead was abandoned there was a re-establishment of it by the deceased's living on the premises with her son's family for the seven months next preceding her death.   We are of opinion that this claim cannot be upheld.   The homestead having been abandoned, to re-establish the premises as a homestead there must have been some overt act of the deceased manifesting an intention to re-occupy the premises as her homestead, as distinguished from merely residing with her son therein as a member of his family.   *State Bank of Waupun v. Storm,* 169 Wis. 295, 172 N. W. 151; *Estate of Arndt,* 199 Wis. 1, 225 N. W. 134.   We perceive no such act or intention here.

Under our statute, sec. 272.20 (1), "the dwelling house . . . owned and occupied by any resident of this state" constitutes the homestead of the occupant, and premises may be held as a homestead by a single person although he rents them to another, if he boards and lodges with the tenant. *Myers v. Ford,* 22 Wis. 139.   Here, however, the deceased

was not so occupying the premises. She was therein as a member of a family of which not she but her son was the head. The premises were both occupied and controlled by the son. Present right of occupancy is essential to entitle one to homestead rights. Without right of present occupancy the owner of the fee has no homestead right, although living on the premises with his mother, a life tenant. *Reeves & Co. v. Saxton,* 145 Wis. 10, 129 N. W. 784. The same reason would exclude an owner who has leased the premises without reserving the right of present occupancy.

The trial judge's finding that at the time of her death the premises were not the homestead of the deceased seems to us as immune from successful attack as does his finding that the deceased abandoned her homestead rights therein.

*By the Court.*—The judgment of the county court is affirmed.