Bujko, Plaintiff and Appellant, vs. Bujko, Defendant and Respondent: Brodzik, Interpleaded Defendant and Respondent.

*November 6—December 3, 1935.*

566

For the appellant there was a brief by *Swietlik & Swietlik,* attorneys, and *John S. Barry* of counsel, all of Milwaukee, and oral argument by *Mr. Barry* and *Mr. T. F. Swietlik.*

For the respondents there was a brief by *Beyer, Powers & North* of Milwaukee, and oral argument by *Virginia North.*

NELSON, J. The only errors assigned on this appeal are: (1) That the court erred in finding that at the time the parties intermarried Michalina Brodzik was the owner of the sixty-one shares of building and loan association stock theretofore issued in the name of the defendant Bujko, and that the same were held by him in trust for her; and (2) in failing to find that the building and loan association stock was the property of the defendant Bujko, and that it was transferred by him to his sister Michalina Brodzik for the purpose of concealing the ownership thereof in fraud of the plaintiff; and (3) the failure of the court to award to the plaintiff for the support and maintenance of the minor child more than $5 per week, which was wholly inadequate considering the earning ability and financial worth of the defendant Bujko.

The first two assignments of error relate to the ninth finding of fact, which is as follows:

"Ninth. That at the time of said marriage the interpleaded defendant, Michalina Brodzik, owned stock in the Guardian Savings & Loan Association of Milwaukee, Wisconsin, of a par value of six thousand ($6,000.00) dollars; that, because of differences with her husband, said Michalina

Brodzik, at said time, had said stock issued in the name of the defendant John Bujko and that said John Bujko has held said stock in trust and for the benefit of said Michalina Brodzik since said time; that the issue of said stock in the name of said John Bujko for the use and benefit of said Michalina Brodzik was not intended to defraud said plaintiff and was done in good faith for the reason stated."

It is, of course, well established that findings of trial courts will not be disturbed on appeal unless they are against the great weight and clear preponderance of the evidence. *Bauer v. Franklin State Bank,* 216 Wis. 507, 257 N. W. 456; *Timme v. Squires,* 199 Wis. 178, 225 N. W. 825; *Zolandek v. First National Bank,* 212 Wis. 632, 250 N. W. 391; *Estate of Fish,* 214 Wis. 464, 253 N. W. 387; *Estate of Soles,* 215 Wis. 129, 253 N. W. 801. While the plaintiff recognizes the force of that rule, she earnestly contends that the ninth finding of fact is clearly against the great weight and clear preponderance of the evidence, and for that reason should not be sustained by this court.

In view of the disposition which in our opinion should be made of this case, it will be unnecessary to review the testimony at length. The defendant Bujko came to this country in 1913. He soon found employment. He evidently was of a thrifty disposition. Commencing on December 7, 1918, and ending on February 7, 1920, he deposited in a savings account at the Mitchell Street State Bank sums aggregating $2,000. Commencing on March 31, 1920, and ending on July 6, 1926, he bought sixty-six shares of paid-up building and loan association stock in the Guardian Savings & Loan Association. Between July 7, 1922, and December 15, 1925, he bought from National Savings & Loan Association thirty-eight shares of its paid-up stock. In June, 1926, he surrendered for payment the thirty-eight shares of stock just mentioned, and received therefor $3,800, evidenced by two checks in the amounts of $2,400 and $1,400, respectively.

Shortly thereafter he went to Poland where he met the plaintiff, who was then twenty-one years of age. After a short courtship they intermarried and shortly afterwards he returned to America. The plaintiff did not accompany him because arrangements could not be made with the immigration authorities; the quota from Poland having been filled. Her coming to America was delayed for nearly a year and a half. She arrived at Milwaukee on January 25, 1928. While on the way to the station to meet her, the defendant Bujko stopped at the offices of the Guardian Savings & Loan Association and transferred sixty-one shares of the paid-up stock, issued to him by that association, to his sister Michalina Brodzik. Some years later trouble having developed between the parties, this divorce action was commenced. Upon the trial of this action, the issues as to whether the plaintiff or the defendant was entitled to a divorce, whether the custody of the child should be awarded to the plaintiff or to the defendant, and whether the sixty-one shares of building and loan association stock belonged to the defendant Bujko or to his sister, were all contested. The principal controversy on this appeal relates to the ownership and asserted concealment of the building and loan association stock. The defendant Bujko testified that the sixty-one shares of stock never belonged to him although they were issued in his name; that they belonged to his sister Michalina Brodzik, who contributed from her earnings all of the moneys with which he purchased said stock; that she had had him purchase the stock and keep it in his name so that her husband might not know about her savings and make her trouble. Michalina Brodzik testified that she earned the $6,100 turned over to her brother by keeping boarders and roomers in her little five-room cottage or five-room apartment, and by doing outside work. The record reveals that the first purchase of the sixty-one shares of stock was made

by the defendant Bujko on March 31, 1920, and that the last of it was purchased by him on September 5, 1923. The record further reveals that on July 16, 1923, Michalina Brodzik herself purchased two shares of paid-up stock in the same association, and had the stock issued in her own name; that during the year 1923 she and her husband purchased a home for $6,000, and that they paid $3,000 in cash on the purchase price, and gave a mortgage for the balance; that during the next three years she and her husband paid on their mortgage debt only the sum of $1,000, although she still continued to keep boarders and roomers just as she did during the years when she asserts she accumulated the $6,300, and although her husband's earnings had increased materially. Michalina Brodzik did not file income tax returns, and no profits resulting from her keeping boarders and none of her earnings were at any time reflected in her husband's returns. It is undisputed that on July 1, 1922, twenty of the sixty-one shares were issued to defendant Bujko. As to that purchase, Michalina Brodzik testified that it was made with her money which she had been saving for the purpose of purchasing an automobile. It appears from the records of the Mitchell Street State Bank that on July 6, 1922, Bujko's savings account was closed, which then amounted to $2,053.69. Bujko first denied having any such account, but finally admitted, when forced to do so, that he had such an account, but that he had withdrawn it for the purpose of helping out his mother in Poland, and that from the moneys so withdrawn he had from time to time thereafter sent one hundred to two hundred dollars to his mother. In view of the fact that the case must be reversed for a retrial of the issue relating to the stock, we shall not advert to the other testimony given by defendant Bujko and his sister, which appears to us to be nothing less than perjury. Seldom does perjury so clearly appear from an examination of the cold record. The testi-

mony of the defendants Bujko and Michalina Brodzik is replete with obviously untruthful statements, patent inconsistencies, and assertions of fact that appear to us to be utterly incredible. While, upon the entire record, we would be justified in holding that the findings of the trial court with respect to the ownership of the sixty-one shares of building and loan association stock are against the great weight and clear preponderance of the evidence, we are of the opinion that justice requires that that part of the judgment dismissing the action as to Michalina Brodzik be reversed to the end that a retrial of the issue relating to the ownership of the stock may be had, dissociated from the other issues in the case, because upon the record before us we entertain a settled conviction that justice has probably miscarried. Sec. 251.09, Stats.

The judgment cannot be sustained on the theory that the defendant Bujko made a gift of the stock to his sister, because there is no testimony in the record to support such a conclusion. According to the testimony, no part of this stock was purchased with moneys other than those of Michalina Brodzik. If the record showed that this stock originally belonged to the defendant Bujko, and that he had presented it to his sister for some reason or other, an entirely different question would be before us.

*By the Court.*—Judgment reversed, and cause remanded with directions to grant a new trial to determine the ownership of the building and loan association stock, and to determine whether it was transferred for the purpose of concealing its ownership in fraud of the plaintiff.