In re Petition of Robers: Robers, Appellant, vs. Hegeman and another, Respondents.

*February 4—March 3, 1936.*

For the appellant there was a brief by *Wilbershide & Baumblatt* of Racine, and oral argument by *J. C. Wilbershide*.

*William A. Sheldon* of Elkhorn, for the respondents.

FRITZ, J.   In so far as they are material to a consideration of this appeal, the allegations in the petition upon which the appellant sought an order determining that certain property owned by him is his homestead and not subject to the liens of certain judgments, are to the following effect: That the judgments were docketed on July 15, 1931, October 26, 1931, and November 27, 1931.   That the petitioner bought the property on June 1, 1923, and has been sole owner thereof.   That "practically since the petitioner acquired said property he has resided thereon, and that it has always been his homestead;" and that the value of his equity therein over and above a mortgage does not exceed $5,000.   That since the judgments were docketed he was duly adjudicated a bankrupt in the federal court.   That the judgments were listed in his schedule in bankruptcy; and that his homestead was exempted in those proceedings.   That he has arranged to sell the property, "which is his homestead and has always been his homestead since he acquired it, and which he occupied as such;" and that he fears that the record as it stands would leave a cloud upon his title.

The court found that the judgments were docketed, and the plaintiff was the owner of the premises as alleged in the petition; and "that the premises here in question, in 1931, were not equipped for living purposes; that the petitioner did

not reside in the property at any time in 1931, nor hold the same as his homestead at any time prior to May, 1932." Upon those findings, the court concluded: "That the petitioner did not hold or occupy the premises described in petitioner's verified petition at any time in 1931, as his homestead, and that the said real estate is not free from the liens of judgments entered in 1931. That the property . . . was reconditioned and petitioner moved upon said property and claimed the same as his homestead from and after May of 1932." Upon those findings and conclusions, the court entered judgment denying the petition.

The record does not disclose any adjudication in the bankruptcy proceedings in regard to petitioner's homestead claim. On the oral argument on appeal counsel stated that, because of the judgment liens upon the property, the property was abandoned as an asset of the bankrupt's estate by the trustee in bankruptcy. In the absence of proof those matters cannot be considered here.

Appellant contends that the court's findings are contrary to the great weight and clear preponderance of-the evidence. A review of the evidence discloses that the court was warranted in considering it sufficient to establish the following facts: In 1923, plaintiff bought the property in question, located in Lyons, Wisconsin. There was then only a shed on it in which he stored machinery. In 1929, he erected a two-story cement-block building. The lower part had a concrete floor, and he used it as a garage for his trucks. There was a basement with a furnace. The second story had a hardwood floor and one room walled with plasterboard. His work kept him away from Lyons most of the time. When there, he sometimes slept in the garage, but took his meals at his sister's house. In May, 1930, he married. As the second floor was not finished, his wife would not live there. He rented a house in Burlington where he expected to live with his wife, and did reside with her there until July 6, 1931,

excepting in November, 1930, when they separated temporarily. In July, 1931, an action for divorce was commenced. During the summer and fall of 1931 he was at work elsewhere much of the time, but while not so employed he stayed at his mother's house in Lyons. He did not sleep in the garage, and never resided on the property in question during the year, 1931, nor before that date. In January, 1932, he was divorced, and in May, 1932, he moved his household furniture from Burlington to the Lyons property. In December, 1932, he obtained lumber and began putting in a ceiling for the second story. Most of those facts were established without any dispute, but there is a decided conflict in the testimony as to whether the petitioner did or did not reside on the property in 1931. However, as the evidence was sufficient to establish the foregoing facts, it also warranted the court's findings and conclusions.

Petitioner now contends on this appeal that he acquired the property with the *bona fide* intention of making it his homestead; and that his subsequent overt acts and possession show such intention by the great weight and clear preponderance of the evidence, and that, therefore (under the rule recognized in *Scofield v. Hopkins,* 61 Wis. 370, 21 N. W. 259; *Shaw v. Kirby,* 93 Wis. 379, 67 N. W. 700; *State Bank of Waupun v. Storm,* 169 Wis. 295, 172 N. W. 151), his homestead exemptions and rights attach as of June 1, 1923, the date of acquisition.

No special facts as to the existence of any such intention at the time of his acquisition of the property were alleged in his petition, and no such contention was made by him on the trial, or up to the time that the court filed its findings and conclusions, or entered judgment. Petitioner's failure to specifically allege, or attempt to prove, or even assert, the existence of such an intention until on this appeal, considered in connection with his admission that, when he married, he expected to live at Burlington with his wife, and did

live there with her until July 6, 1931, and the proof that he did not move his household furniture from Burlington to the Lyons property until in May, 1932, rather negative the existence, prior to the latter date, of any intention on his part to occupy or hold that property as his homestead. On the contrary, those facts and circumstances afford sufficient basis for the court's finding and conclusion that he did not "hold the same as his homestead at any time prior to May, 1932;" and that he "did not hold or occupy the premises . . . at any time in 1931 as his homestead." By those findings and conclusions that the petitioner did not *hold* the premises as his homestead at any time in 1931 or prior to 1932, the court necessarily negatived the existence of any *bona fide* intention on his part to make the property his homestead in 1931. Even if it had been his intention to make the property his homestead prior to his marriage, when he moved into a house in Burlington with the expectation of continuing to live there with his wife, and did live there from May, 1930, to July, 1931, something more overt than a subsequent mere hope or vague intention on his part to use the Lyons property as his homestead at some future time was necessary in order to exempt it from the liens of judgments docketed in the meantime.

Under the circumstances, it would be unwarranted to conclude that there has been such an omission to fully try the real controversy as to justify ordering a reversal of the judgment and remitting the case for a new trial under sec. 251.09, Stats.; and the court's findings and conclusion must be permitted to stand.

*By the Court.*—Judgment affirmed.