QUALLEY, Respondent, vs. ZIMMERMAN, Appellant.

*April 12—May 9, 1939.*

342

For the appellant there was a brief by *Burmeister & Snodgrass* of Monroe, and oral argument by *Roy F. Burmeister*.

For the respondent there was a brief by *Randal J. Elmer* and *Marshall L. Peterson,* both of Monroe, and oral argument by *Mr. Peterson.*

Fowler, J.   As first above stated the plaintiff sues to have a forty-acre tract of agricultural lands not located in any village or city adjudged to be his homestead under sec. 272.20, Stats., the judgments docketed against him adjudged no lien thereon, and to have a levy thereon made upon an execution issued on one of said judgments vacated and dissolved.

The homestead statute, *supra,* so far as here material, reads:

"*Homestead exemption definition.* (1) A homestead selected by a resident owner not exceeding forty acres of land, when used for agricultural purposes; . . . and the dwelling house thereon and its appurtenances and occupied by him shall be exempt from execution, from the lien of every judgment"

The lien statute, sec. 270.79 (1) reads:

"*Lien of judgment.* . . . (1) Every judgment, when properly docketed, and the docket gives the judgment debtor's place of abode and his occupation, trade or profession shall, for ten years from the date of the rendition thereof, be a lien on the real property in the county where docketed, except the homestead mentioned in section 272.20, of every person against whom it is rendered and docketed, which he has at the time of docketing or which he acquires thereafter within said ten years. . . ."

The trial court held that by virtue of the provisions of the will above quoted the title to the farm vested in all the children of. the testator, including the plaintiff, equally, upon the death of the testator, subject to the life estate of their

mother, subject to becoming divested upon the compliance upon the part of the plaintiff with the provisions as to payment of the mother's debts, funeral expenses, and the legacies to the daughters, and that on the performance of those conditions the plaintiff became vested with the title to the tract; that until that time the plaintiff had no title on which the lien of defendant could attach; and that as when the plaintiff's title vested he was occupying the forty-acre tract as his homestead, defendant's judgments never became a lien on that tract. On this view the judgment was entered for the plaintiff.

The judgment of the circuit court was based upon the theory that the word "remainder," in paragraph 7 of the will above quoted, referred to the remainder in the farm after termination of the life estate. We consider that this view is incorrect. By paragraph 6 of the will the title to the remainder in the one hundred sixty acres after the death of the life tenant vested in the plaintiff at the testator's death, charged with the payments directed by said paragraph. *Will of Roth,* 191 Wis. 366, 210 N. W. 826. On no other theory could the one hundred twenty acres have been sold by order of the court in the *de bonis non* proceedings. The phrase "remainder of my estate" in paragraph 7 refers to the property of the testator owned by the testator other than the farm disposed of by the previous devises to the wife and the plaintiff. It does not specifically appear by the stipulation that the testator owned any property but the farm. The contents of the inventory do not appear. Nor does it specifically appear that any personal property was assigned or distributed by the final order of 1906. But the testator was operating the farm at his death, and he must have had stock and farming implements if no other personal property.

The plaintiff, in seeking to sustain the holding of the court, relies on the fact that the final order, so-called, in the probate proceedings made in 1906 did not assign the "remainder," and recited that it could not be "assigned or

distributed" during the life of the widow. We do not perceive that this provision has any bearing on the question of the vesting of the remainder. Title thereto passed by the will, not by the order of the court. *Latsch v. Bethke,* 222 Wis. 485, 488, 269 N. W. 243.

The recent case of *Estate of Hogan,* 229 Wis. 600, 282 N. W. 5, rules this case in favor of defendant if the interest of the plaintiff in the tract was subject to the lien of defendant's judgments. That interest was so subject unless the plaintiff was occupying the premises as a homestead. He did not have a homestead in the premises during the mother's life because during that time he was living thereon merely as the servant or agent of his mother. The right of possession was in her. The plaintiff was occupying the premises not in his own right, or by virtue of the provisions of the will. One so occupying premises is not entitled to a homestead therein. *Reeves & Co. v. Saxton,* 145 Wis. 10, 129 N. W. 784. The lien of the defendant's judgments therefore attached to the plaintiff's interest upon the docketing thereof. Sec. 270.79, Stats.

Two cases are relied on by the plaintiff in support of the proposition that by not selling on execution before the widow's death the defendant lost his lien. *Stern v. Lee,* 115 N. C. 426, 20 S. E. 736, and *Grattan v. Trego* (8th Cir.), 225 Fed. 705. There are factual differences between both of these cases and the instant one. But assuming there was none, these decisions do not help the plaintiff in view of the settled law of this state as above stated.

The bankruptcy proceedings in the federal court in no way affect the right of the defendant to enforce his liens. His rights in this respect must be determined by the courts of this state. *Roche v. Du Bois,* 223 Wis. 438, 271 N. W. 84.

*By the Court.*—The judgment of the circuit court is reversed, and the record remanded with direction to enter judgment dismissing the complaint on the merits.