MRS. GEORGE KAISER *v.* SAMUEL K. PUA AND THE VOLCANO STABLES & TRANSPORTATION COMPANY, LIMITED.

No. 949.

EXCEPTIONS FROM CIRCUIT COURT, FOURTH CIRCUIT.

HON. C. F. PARSONS, JUDGE.

SUBMITTED JANUARY 20, 1917.          DECIDED FEBRUARY 9, 1917.

ROBERTSON, C.J., QUARLES AND COKE, JJ.

EXEMPTIONS—*truckman.*

Plaintiff, a married woman, owned an auto-truck with which she did the business of a truckman on her own separate account; she did not drive the truck but her husband drove it for her, and by its use she actually earned a living:     Held, that plaintiff is a truckman within the meaning of section 2470 R. L., and that the truck is exempt from attachment or execution.

SAME—*claim of exemptions.*

It is not necessary for an attachment or execution defendant to make a claim of exemption as to property specifically exempt from seizure and sale under attachment and other process where the exemption statutes · do not provide for the making of such claim but do make the officer seizing the same liable to an action for damages for such seizure.

HUSBAND AND WIFE—*statutory construction—exemptions.*

Section 2959 R. L. does not amend or repeal any of the provisions in the statutes exempting specific personal property from seizure under attachment or execution, and where the certificate

therein provided has not been filed with the treasurer, property of the wife, engaged in business on her own account, which is specifically exempt from seizure under attachment or execution, is not subject to attachment for the debt of her husband.

OPINION OF THE COURT BY QUARLES, J.

The plaintiff, a married woman, owned a motor truck with which she did the business of teamster or truckman. She did not drive the truck herself, but her husband drove it for her and attended to the business, collecting the earnings which were deposited in bank to the credit of the plaintiff and by her checked out. She had no other business, and by the use of the truck actually earned a living for herself and family. The defendant, The Volcano Stables & Transportation Company, Limited, sued the husband of the plaintiff for debt and caused a writ of attachment to be issued, whereupon the defendant Pua, as sheriff, seized the truck under the attachment and held it prior to judgment, and thereafter for sometime held it under an execution which issued on the judgment. Soon after the seizure the plaintiff, acting by her attorney, notified the defendants that the truck was the property of the plaintiff, was exempt from execution, and demanded its release. The present action was brought by the plaintiff against the defendants to recover damages for the seizure and detention of the truck. At the close of the evidence on behalf of the plaintiff, which evidence tended to establish the foregoing facts and the value of the use of the truck during the time of its detention by the defendants, counsel for the defendants moved for an instruction to the jury to find for the defendants upon three grounds, (1) that the evidence did not show that the plaintiff was entitled to recover, (2) that the plaintiff was doing business separately at the time of the attachment of the truck and had not filed a certificate with the treasurer as required by the provisions of section 2959

R. L., and (3) that the plaintiff had not shown herself entitled to any exemption as provided by section 2470 R. L. The trial court sustained the motion and directed the jury to find for the defendants, whereupon a verdict was found in favor of the defendants. The plaintiff excepted to the instruction to find for the defendants and to the verdict.

Section 2465 R. L. provides that "Where an officer shall be about to levy an attachment, execution or other process on personal property, some of which shall be claimed as exempt, he shall demand of the defendant in writing that he make selection of such property as is exempt to him and in reference to which he has the right of selection; or, failing so to do, the officer shall make it for him, and any selection so made shall be conclusive on the defendant." Section 2470 R. L. exempts from attachment and execution one dray, truck or automobile, by the use of which a cartman, drayman or truckman actually earns his living. Section 2467 provides that if any officer shall seize or sell property exempt from execution under section 2470 "he shall be liable to an action at the suit of the owner for all damages and costs sustained thereby." It is claimed on behalf of the defendants that because the plaintiff did not drive the truck in question, but the same was driven by her husband, she is not a truckman within the meaning of the statute. The truck was used in hauling freight from place to place for hire and by such means the plaintiff actually earned a living for herself and family. The inability of the plaintiff to drive the truck herself did not prevent her from being a truckman within the contemplation of the statute, she having no other business or occupation. She might well carry on the business of trucking by the hands of another when by so doing she actually earns her living. She is not to be denied the benefit of the exemption simply for the reason that on account of her sex or for other cause she can-

not drive the truck herself. The object and purpose of exempting from attachment and execution specific articles by which one in an occupation actually earns a living applies to the case before us and the plaintiff is within the intent and spirit of the statute. That it is not necessary that she drive the truck in person in order to receive the benefits of the statute, see 11 R. C. L. 501; *Brusie* v. *Griffith,* 34 Cal. 302; *Elder* v. *Williams,* 16 Nev. 416; *Consolidated Tank Line Co.* v. *Hunt* (Ia.), 12 L. R. A. 476; 2 Freeman on Executions, 3 ed., Sec. 224.

It is contended on behalf of the defendants that as the plaintiff was doing business on her own behalf, and the certificate required by section 2959 R. L. had not been filed with the treasurer, that the said truck was by the terms of that statute subject to attachment and execution for the debts of her husband. In applying these several statutes to the case at bar we must consider section 2959 and construe it with reference to the other statutes mentioned, and, doing so, we hold that the language "If such certificate be not filed as aforesaid, the personal property employed in such business shall be liable to be attached as the property of the husband, and to be taken on execution against him," found in said section 2959, has no application to personal property of the wife which is otherwise exempt from execution, although she is doing business in her own right and the certificate has not been filed. The legislature did not intend by the enactment of section 2959 to amend or repeal any provision of the exemption statutes.

It is urged on behalf of the defendants that the motion for a directed verdict was properly granted for the reason that the execution defendant—the husband of the plaintiff—made no claim of exemption of the truck and that the claim of exemption made by the plaintiff cannot avail, she being a third party to the attachment proceedings. We hold that no claim of exemption either by the plaintiff or her

husband was necessary, the truck being specifically exempt from execution and the sheriff being made liable by statute for its seizure. Statutory provisions in many jurisdictions require that a claim of exemption shall be made by the execution defendant and that if he fails to make such claim he waives the exemption. We have no such statutory requirement. Under our statutes, where the execution defendant has more than the statute exempts of a certain class of personal property, two trucks, for instance, it is the duty of the sheriff to take the initial step by notifying the defendant to make his selection and if the defendant fails to make such selection then it is the duty of the sheriff to make it for him. The language of the statutes cited, when considered together, rather negatives the idea that specific exemptions must be claimed by the execution defendant. It would seem an anomaly to hold that if the truck belonged to the husband of the plaintiff it would be exempt under the said attachment and execution, and that, having failed to file the certificate required by section 2959, it is subject to execution against the husband of plaintiff *as his property,* and we are unable to come to such conclusion. The notice and claim of exemption given by plaintiff, although not required by the statutes, were proper under the circumstances as they brought home to the defendants the ownership and claim of exemption on the part of the plaintiff. The trial court erred in directing a verdict for the defendants.

The exceptions are sustained and the cause remanded for a new trial. The costs in this court are awarded to the plaintiff.

*J. W. Russell* and *Harry Irwin* for plaintiff.

*Carlsmith & Rolph* for defendants.