Scofield vs. Hopkins and others.

SCOFIELD VS. HOPKINS and others.

*October 17 — November 6, 1884.*

HOMESTEAD: EXECUTION.  *(1) Exemption: Intention to occupy: Material for dwelling.  (2) Claim of exemption: Notice: Waiver.*

1. The *bona fide* intention to acquire certain land for a homestead, evidenced by overt acts in fitting it for such purpose and followed within a reasonable time by actual occupancy, renders such land exempt from the time of its purchase with such intent; and such exemption covers also the material actually upon the ground and designed for use in the construction of a dwelling-house, well, or other essential of a homestead.

2. Where the judgment creditors are the purchasers at an execution sale of land, they are presumed to know what the debtor has done and is doing on the land indicating an intention to make it his homestead, and, if such intention is manifest, no notice to them that he claims the premises as a homestead is necessary to prevent a waiver of the exemption.

APPEAL from the Circuit Court for *Rock* County.

The case is thus stated by Mr. Justice CASSODAY:

"This is an action to vacate and set aside the levy, sale, and certificate of sale of the lands in question, and to enjoin the execution of a deed thereon, on the grounds that the lands were the plaintiff's homestead and exempt from such levy and sale.   The defendants admit that the plaintiff acquired title to the land, November 4, 1881, but deny that it was a homestead, and justify the levy and sale under a judgment, transcript, and execution.

"On the trial the court found in effect, as matters of fact, that the plaintiff had such title; that he purchased the land with a part of the proceeds derived from the sale of a homestead in Iowa, May 1, 1881, then owned by his wife and occupied by them as such homestead; that the plaintiff had been a resident of Rock county ever since November 4, 1881; that the premises in question consisted of ten acres of land used for agricultural purposes, and not included in any city

or village; that prior to the commencement of the action in which the execution was issued, the plaintiff cleared and prepared one and a quarter acres of the land in question for a residence and garden site, dug and curbed a well upon the same, and quarried upon adjacent land, and had upon said premises the stone for the foundations for the dwelling-house and other buildings to be erected upon said premises; that prior to the sale on execution the plaintiff had also planted fruit-trees and hedges upon said premises, and dug the cellar for his dwelling-house and laid the stone foundations thereof; that the premises were so purchased by the plaintiff for the purpose of a homestead, and the labor so done upon the same was for the purpose of erecting a dwelling-house thereon, and for the purpose of using and occupying the same as and for his homestead; but that there was no dwelling-house upon said premises at the time of sale, and the plaintiff had not lived thereon prior to the levy and sale; that prior to the sale the plaintiff forbade the defendants from selling the premises, and notified them that the same were his homestead, and that he claimed them as such. In addition, the undisputed evidence showed that after the sale the plaintiff raised crops upon the land, and built a dwelling-house and tobacco-house thereon.

"As conclusions of law the court found, in effect, that the premises were the plaintiff's homestead, and that he was, therefore, entitled to the relief demanded in the complaint."

From the judgment entered accordingly the defendants appealed.

*B. F. Dunwiddie,* for the appellants, to the point that it is a present actual homestead, and not a remotely contemplated one, which the statute exempts, cited: *Freeman v. Stewart,* 5 Biss. 19; *Upman v. Second Ward Bank,* 15 Wis. 449; *Carter v. Sommermeyer,* 27 id. 665; *Bunker v. Locke,* 15 id. 635; *Jarvais v. Moe,* 38 id. 440; *Bridge v. Ward,* 35 id. 687; *Charless v. Lamberson,* 1 Iowa, 435; *Williams v. Swet-*

*land*, 10 id. 51; *Christy v. Dyer*, 14 id. 438; *Kresin v. Mau*, 15 Minn. 116; *Kelly v. Dill*, 23 id. 435; *Liebetrau v. Goodsell*, 26 Minn. 417; *Holden v. Pinney*, 6 Cal. 234; id. 625; *Benedict v. Bunnell*, 7 id. 245; *True v. Morrill*, 28 Vt. 672; *Davis v. Andrews*, 30 id. 678; *Norris v. Moulton*, 34 N. H. 392; *Horn v. Tufts*, 39 id. 478; *Coolidge v. Wells*, 20 Mich. 80; *Beecher v. Baldy*, 7 id. 501; *Batts v. Scott*, 37 Tex. 65; *Philleo v. Smalley*, 23 id. 498.

The cause was submitted for the respondent on the brief of *H. McElroy*.

CASSODAY, J.    All the findings of fact seem to be sustained by the evidence except one.    There is no evidence that prior to the sale the plaintiff notified the defendants, or any of them, that he claimed the premises as his homestead.    There is a class of cases holding that a failure to make such claim at or prior to the sale on execution of certain kinds of personal property is a waiver of the exemption. *Zielke v. Morgan*, 50 Wis. 560; *Wicker v. Comstock*, 52 Wis. 315; *Moffitt v. Adams*, 60 Iowa, 44.    That class of cases is not applicable here.    There is nothing indicating that the plaintiff was present at or knew of the sale.    The purchasers were the execution creditors, and of course neither advanced nor paid any purchase money on the sale.    The plaintiff had no other land.    There was no such thing as selection or setting apart requisite.    The purchasers were presumed to know, at the time their judgment was docketed and at the time of the sale, what the plaintiff had done, and was then doing, on the land indicating his intention of making it his homestead. What was so done by the plaintiff evinced a clear intention of making the premises his homestead, as he testified. In such case no forbidding of sale and public proclamation of claim for exemption seem to be necessary. *Bennett v. Child*, 19 Wis. 366; *Manseau v. Mueller*, 45 Wis. 436; *Kent v. Lasley*, 48 Wis. 257.

In *Bennett v. Child, supra,* eighty acres, owned by the husband and wife jointly, were sold, but there was no specific claim for exemption prior to the sale. It was very strongly intimated, however, if not held, that such part as might be exempt as a homestead was improperly sold. In *Manseau v. Mueller, supra,* the probability was asserted that the selection of the ten acres, claimed as exempt, might have been made for the first time in the trial court, but not in this court. In *Kent v. Lasley, supra,* the homestead was a part of 200 acres of land, and there was no selection; yet it was held that the owner must be deemed to have selected the forty by government survey on which the dwelling-house stood. A large number of cases in this court are there cited, recognizing the right to the homestead "without selection."

The premises in question were not included in any city or village. They did not exceed forty acres. They were used for agricultural purposes. They were owned and occupied by a resident of the state. The facts found show that they had been selected by the owner thereof as a homestead within the meaning of the statute (sec. 2983, R. S.), unless the mere failure of the plaintiff to complete his dwelling-house and occupy it with his family prior to the docketing of the judgment or the sale of the premises, prevented it from being such.

It is settled in this state that the homestead law will be liberally construed to effect its design. *Zimmer v. Pauley,* 51 Wis. 282. The occupancy required by the statute does not mean actual physical occupation by the owner personally, for the same section requiring it declares that "such exemption shall not be impaired by temporary removal with the intention to reoccupy the same as a homestead, nor by a sale thereof." The statute goes still further and extends *such exemption* "to the proceeds derived from such sale, while held with the intention to procure another homestead therewith, for a period not exceeding two years." In fact,

this court has gone so far as to hold (the writer hereof dissenting) that that statute "does not require, as a condition of such exemption, that the debtor shall continue to reside in this state during the two years, nor that he shall intend to procure another homestead in this state." *Hewett v. Allen*, 54 Wis. 583. Certainly, the reasons are equally strong for holding that lands purchased with the proceeds of the sale of a homestead in another state, and which are owned and occupied by a resident of this state, are exempt, although the owner has not, at the time of docketing a judgment against him or the sale of the premises, completed his dwelling-house, nor moved therein with his family.

The policy of the law is to secure to the debtor and his family a homestead which shall be beyond the reach of his creditors, however numerous. The statute seems to have been made for those who get in debt, and not for those who always pay their debts. Such need no exemption law, for they are a law unto themselves to that extent. This policy of the statute would certainly be frustrated if none are entitled to the exemption except those who have been so fortunate as to obtain a homestead prior to becoming judgment debtors. The spirit, if not the letter, of the law gives 'the right of acquisition, as well as protection after acquisition. There can be no such exemption without ownership. If it is also true that there can be no exemption until there is a dwelling-house upon the premises, actually occupied by the debtor personally, then it would be almost impossible for a homeless debtor, with judgments docketed against him, to get the benefit of the law; for the very instant he acquired the title, the judgment lien would attach. Under such a construction, the only possible way of securing such benefit would be to select premises with a dwelling already thereon, and then actually occupy, with the family, prior to the acquisition. But such strict literalism would do violence to the obvious intent of the legislature, and the

whole current of authority in this state upon this subject. It was among the purposes of the statute to enable any one without a home of his own to acquire one, even though judgments may be docketed against him when he embarks in the enterprise. The acquisition of a completed homestead is seldom instantaneous. Generally, it requires years of industry and economic living. The purpose necessarily precedes the inception of the work, and that is followed by successive steps, until completion is attained. The land must be acquired, the location of the dwelling-house designated, the cellar dug, the materials procured, the foundations laid, the superstructure erected, and then all fitted for a dwelling-house, before actual occupancy with the family can take place. These successive steps in the acquisition of a completed homestead, made in good faith, come within the spirit of the statute, and are each entitled to the protection afforded by it.

It has been held by this court that lath, shingles, and lumber, obtained by the debtor for the purpose of repairing the dwelling-house occupied by him as a homestead, and actually deposited upon land included in the homestead, were exempt. *Krueger v. Pierce,* 37 Wis. 269; *Zimmer v. Pauley,* 51 Wis. 285. In harmony with that decision, it would seem that materials actually upon the ground, and designed to be used in the construction of a dwelling-house, well, or other essentials of a homestead, with the intention of the owner to occupy the same, with his family, as such, would also be exempt.

The *bona fide* intention of acquiring the premises for a homestead, without defrauding any one, evidenced by overt acts in fitting them to become such, followed by actual occupancy in a reasonable time, must be held to give to the premises answering the description prescribed in the statute the character of a homestead; and the homestead exemption thus secured covers not only the land, but such materials so

used thereon, and relates back to the time of purchase with such intent to make the premises a homestead. This is in harmony with our own decisions, and is supported by the decisions of two courts for which we have great respect. *Reske v. Reske*, 51 Mich. 541; *Edwards v. Fry*, 9 Kan. 425.

*By the Court.*— The judgment of the circuit court is affirmed.