LEUTERMANN, Receiver, Respondent, vs. ASCHERMANN and others, Appellants.

*October 4—October 24, 1916.*

*Fraudulent conveyances: Purchase of exempt property: Intent: Notice.*

1. A debtor may, in good faith, purchase a homestead with nonexempt money or property.
2. Even if such a purchase be made with the intention of defeating creditors, the transaction cannot, under sec. 2324, Stats., be set aside unless it be shown that the other party thereto had notice of or participated in such fraudulent intent.

APPEAL from a judgment of the circuit court for Milwaukee county: J. C. LUDWIG, Circuit Judge. *Reversed.*

The case is this: A receiver appointed in supplementary proceedings brings the action to set aside, because fraudulent as to creditors, a transfer of a $5,000 legacy made by the judgment debtor to one of the defendants in consideration of a conveyance of certain real estate which the debtor immediately made his homestead. There was no proof that the assignee of the legacy had any knowledge that the judgment debtor was indebted, and no evidence that she participated in any way in the fraudulent intent of the debtor, if in fact he had one. The trial court set aside the transfer on the ground apparently that, because the conversion of nonexempt property into exempt property must hinder creditors in the collection of their debts, the transfer was necessarily fraudulent, regardless of the intent of the other party to the transaction. The defendants appeal.

For the appellants there was a brief by *Flanders, Bottum, Fawsett & Bottum,* attorneys, and *W. L. Gold,* of counsel, and oral argument by *Mr. F. L. McNamara* and *Mr. Gold.*

*F. P. Hopkins,* for the respondent.

WINSLOW, C. J. The judgment must be reversed because: *First,* a man may, in good faith, purchase a homestead

and use nonexempt property or money for that purpose even although he be indebted at the time. *Scofield v. Hopkins,* 61 Wis. 370, 21 N. W. 259; *Scott v. Holman,* 117 Wis. 206, 94 N. W. 30. *Second,* even if he makes the purchase with the intention of defeating his creditors, the transaction cannot be set aside unless it is shown that the other party had notice of or participated in the fraudulent intent of the debtor. Sec. 2324, Stats.

The case of *Comstock· v. Bechtel,* 63 Wis. 656, 24 N. W. 465, when properly read does not lay down any contrary doctrine.

*By the Court.*—Judgment reversed, and action remanded with directions to dismiss the complaint.