IN RE the ESTATE OF Alma CARROLL, Deceased:

Larnel CARROLL, Appellant,

v.

Alicetine ANSLEY, Personal Representative, and
Walter Shelby, Respondents.

Court of Appeals

*No. 00–1734. Submitted on briefs January 5, 2001.—Decided
April 26, 2001.*

## 2001 WI App 120

(Also reported in 628 N.W.2d 411.)

On behalf of the appellant-appellant, the cause was submitted on the brief of *Jack C. Hoag* of *Sedor & Hoag, S.C.* of Janesville.

On behalf of the respondent-respondent, the cause was submitted on the brief of *Irvin B. Charne* of *Hall Charne Burce & Olson, S.C.* of Milwaukee.

Before Dykman, P.J., Roggensack and Lundsten, JJ.

¶ 1.   ROGGENSACK, J.   Larnel Carroll appeals a circuit court order which awarded the property of his deceased wife, Alma Carroll, which was subject to administration, to her children by a previous marriage. Because we conclude that WIS. STAT. § 852.01(1) (1999–2000)[1] does not award Larnel any portion of Alma's probate estate, we affirm the order of the circuit court.

---

[1] All references to the Wisconsin Statutes are to the 1999–2000 version unless otherwise noted.

## BACKGROUND

¶ 2.   Alma Carroll died intestate on May 15, 1996. Alma was survived by her husband, Larnel, and two children from a previous marriage, Alicetine Ansley and Walter Lee Shelby. The personal representative of the estate stipulated that all of Alma's property was marital property when she died. The circuit court confirmed that Larnel owned half of the marital property, then the court divided Alma's half of the marital property evenly between Ansley and Shelby. Larnel appeals the portion of the circuit court's order awarding property to Ansley and Shelby.

## DISCUSSION

**Standard of Review.**

¶ 3.   Interpretation of a statute is a question of law, which we review *de novo*. *Ansani v. Cascade Mountain, Inc.*, 223 Wis. 2d 39, 45, 588 N.W.2d 321, 324 (Ct. App. 1998).

**Intestate Succession.**

¶ 4.   Larnel argues that the circuit court erred in interpreting WIS. STAT. § 852.01(1) to award all of the marital property subject to probate to Alma's children, Ansley and Shelby. Instead, he contends that § 852.01 applies only to the division of nonmarital property and that the circuit court should have awarded him all of the marital property. We disagree.

¶ 5.   Resolving this case required the circuit court to interpret WIS. STAT. §§ 852.01 and 861.01. When we review the application of statutes whose meanings are

in dispute, our efforts are directed at determining the legislative intent underlying the statutes. *Ansani*, 223 Wis. 2d at 48, 588 N.W.2d at 325. We begin with the plain language of the statutes and, if the statutes are unambiguous on their faces, we look no further.

¶ 6.   WISCONSIN STAT. § 861.01 sets out what marital property is subject to administration. It provides, in relevant part:

> **Ownership of marital property at death.**
> (1) SURVIVING SPOUSE'S ONE-HALF INTEREST IN MARITAL PROPERTY. Upon the death of either spouse, the surviving spouse retains his or her undivided one-half interest in each item of marital property. The surviving spouse's undivided one-half interest in each item of marital property is not subject to administration.

WISCONSIN STAT. § 852.01 governs intestate succession. It provides, in relevant part:

> **Basic rules for intestate succession. (1)** WHO ARE HEIRS. Except as modified by the decedent's will under s. 852.10(1), any part of the net estate of a decedent that is not disposed of by will passes to the decedent's surviving heirs as follows:
> (a)   To the spouse:
>  . . . .
> 2.   If there are surviving issue one or more of whom are not issue of the surviving spouse, one-half of decedent's property other than marital property.
> (b)   To the issue, the share of the estate not passing to the spouse under par. (a), or the entire estate if there is no surviving spouse.

██

¶ 7.   At Alma's death, pursuant to WIS. STAT. § 861.01, Larnel retained his undivided one-half interest in all marital property, which property was not

subject to administration. Alma died intestate. Therefore, the rules for intestate succession outlined in WIS. STAT. § 852.01 applied to her estate. Additionally, all of the property in her estate was marital property. Because Alma was survived by children who were not also Larnel's children, § 852.01(1)(a)2. determines how the property in her estate must be distributed with regard to Larnel. The plain language of § 852.01(1)(a)2. entitles Larnel to one-half of Alma's nonmarital property. However, it assigns him no interest in the marital property of which her estate was comprised. Therefore, as directed by the plain language of § 852.01(1)(b), Alma's entire estate passed to her issue. Accordingly, we conclude that the circuit court correctly ordered that Alma's estate be paid to her children, Ansley and Shelby, in equal shares, and we affirm the order of the circuit court.

## CONCLUSION

¶ 8. Because we conclude that WIS. STAT. § 852.01(1) does not award Larnel any portion of Alma's property which was subject to administration, we affirm the order of the circuit court.

*By the Court.*—Order affirmed.