In re: the estate of Gregory F. Felhofer:
Christine Droukas and Michelle Alexander,
Appellants,

v.

Estate of Gregory F. Felhofer, by its
Personal Representative and Mary L. Felhofer,
Respondents.

Court of Appeals

*No. 2013AP147. Oral argument October 22, 2013.
—Decided December 3, 2013.*

2014 WI App 6

(Also reported in 843 N.W.2d 57.)

On behalf of the appellants, the cause was submitted on the briefs of *James B. Hanley* of *Niebler, Pyzyk, Roth & Carrig LLP*, Menomonee Falls. There was oral argument by *James B. Hanley*.

On behalf of the respondent, the cause was submitted on the brief of *David A. Roth* and *Carrie Lynn Dinwiddie* of *Peregrine & Roth, S.C.*, Milwaukee. There was oral argument by *David A. Roth* and *Carrie Lynn Dinwiddie*.

Before Curley, P.J., Kessler and Brennan, JJ.

¶ 1. BRENNAN, J. Christine Droukas and Michelle Alexander (collectively "the Felhofer Children") appeal from the circuit court's order finding that property owned by their father Gregory Felhofer ("the Decedent") and his wife Mary Felhofer ("Felhofer") prior to the Decedent's death is survivorship marital property

pursuant to Wɪs. Sᴛᴀᴛ. § 766.605 (2011–12).[1] Because we conclude that the elements of § 766.605 have been satisfied, we affirm.

## BACKGROUND

██

¶ 2.   The material facts are not in dispute. While they were dating, Felhofer, who was then known as Mary L. Lynch, and the Decedent each owned their own, separate homes. On March 12, 1999, Felhofer and the Decedent purchased a vacant lot in Franklin, Wisconsin ("the Property") without the assistance of counsel. The warranty deed for the Property lists the grantees as "Gregory F. Felhofer and Mary L. Lynch, both single persons." The deed was signed by Vincent Kuttemperoor for the grantor, V.K. Development Corporation, and states that it was drafted by Mark Reel. The record does not explain who Reel is or at whose direction he drafted the deed. In Felhofer's affidavit, submitted to the circuit court, Felhofer states that she and the Decedent were not represented by counsel at the closing and that no one explained to them the different ways that two people could take title to real estate. She stated that the warranty deed was simply provided to them at closing. The Felhofer Children do not dispute her averments.

¶ 3.   Later in March 1999, Felhofer and the Decedent closed on a construction loan in the amount of $199,500 to construct a home on the Property. Construction of the home began in the summer of 1999. Felhofer and the Decedent were not married at that time.

---

[1] All references to the Wisconsin Statutes are to the 2011–12 version unless otherwise noted.

¶ 4.    On September 18, 1999, while construction of the home was still ongoing, Felhofer and the Decedent got married. Thereafter, in early January 2000, construction of their new home was completed. The City of Franklin issued a Certificate of Completion/Occupancy on January 26, 2000. Felhofer and the Decedent moved into the home soon thereafter and occupied it until the Decedent's death.

¶ 5.    On February 2, 2011, the Decedent died intestate. At the time of his death, the Decedent left Felhofer as his surviving wife, and three living children from a previous marriage, two of whom are the Felhofer Children.[2]

¶ 6.    On April 20, 2011, Felhofer filed a Petition for Formal Administration with the Milwaukee County Probate Court. A hearing was held on the petition before a court commissioner on May 23, 2011. Following the hearing, the estate was opened and Felhofer was appointed as the personal representative of the estate.

¶ 7.    At the time of the Decedent's death, he and Felhofer lived in the home they had built on the Property. On July 29, 2011, Felhofer filed a Petition to Assign Home to Surviving Spouse, pursuant to WIS. STAT. § 861.21. Following a hearing on the petition, the circuit court ordered assignment of the Property to Felhofer "upon the payment of the value of the decedent's interest in the home" by February 2, 2012. Felhofer did not purchase the Property from the estate.

¶ 8.    On January 13, 2012, Felhofer filed an Inventory of the estate's assets. The Inventory did not include

_____

[2] The third sibling, Timothy Felhofer, pursued this action along with his sisters before the circuit court. However, after filing the Notice of Appeal, Timothy decided to file a Notice of Dismissal with this court and does not pursue any action on appeal.

the value of the Property. The Felhofer Children filed an Objection to the Inventory based upon Felhofer's omission of the Property. The Felhofer Children argued that because the Property was purchased prior to the Decedent and Felhofer's marriage and because no action was taken to retitle the Property after their marriage, Felhofer and the Decedent owned the Property as tenants in common. As such, the Felhofer Children argued that the Property was not survivorship marital property and was therefore subject to probate administration. Felhofer countered that, because she and the Decedent acquired the Property as a homestead after their marriage, the Property is survivorship marital property, pursuant to WIS. STAT. § 766.605.

¶ 9.   Following a hearing on the parties' respective arguments, the circuit court issued a written order on October 26, 2012, agreeing with Felhofer and holding that the Property is survivorship marital property. The circuit court reasoned, pursuant to WIS. STAT. § 766.605, that while the Decedent and Felhofer purchased a vacant lot prior to their marriage, they did not "acquire" a "homestead" until January 26, 2000, when the City of Franklin issued the occupancy permit for the residence. Because Felhefer and the Decedent acquired the homestead after their marriage, the circuit court found the Property to be survivorship marital property. The Felhofer Children appeal.

## DISCUSSION

¶ 10.   The sole issue raised on appeal is whether the circuit court properly determined, pursuant to WIS. STAT. § 766.605, that the Property is survivorship marital property, such that upon the Decedent's death his

rights in the Property vested solely in Felhofer as the surviving spouse. That question requires us to interpret the meaning of § 766.605.

¶ 11.   When interpreting statutes and applying those statutes to undisputed facts, our review of the circuit court's decision is *de novo*. *Nelson v. McLaughlin*, 211 Wis. 2d 487, 495, 565 N.W.2d 123 (1997). "[W]e have repeatedly held that statutory interpretation 'begins with the language of the statute. If the meaning of the statute is plain, we ordinarily stop the inquiry.' " *State ex rel. Kalal v. Circuit Court for Dane Cnty.*, 2004 WI 58, ¶ 45, 271 Wis. 2d 633, 681 N.W.2d 110 (citation omitted). Non-technical words and phrases not defined within the statutory scheme are usually given their common, ordinary, and accepted meaning. *Id.* "[S]tatutory language is interpreted in the context in which it is used; not in isolation but as part of a whole; in relation to the language of surrounding or closely-related statutes; and reasonably, to avoid absurd or unreasonable results." *Id.*, ¶ 46. When interpreting a statute, " 'the court is not at liberty to disregard the [statute's] plain, clear words.' " *Id.* (citation omitted).

¶ 12.   The parties agree that Felhofer retains her one-half interest in the Property under Wisconsin's marital property laws. *See* Wis. Stat. § 861.01(1).[3] The parties also agree that, under the rules of intestacy, the Decedent's one-half interest in the Property will pass to

---

[3] Wisconsin Stat. § 861.01(1) states, in relevant part:

**Ownership of marital property at death. (1)** Surviving spouse's one-half interest in marital property. Upon the death of either spouse, the surviving spouse retains his or her undivided one-half interest in each item of marital property. The surviving spouse's undivided one-half interest in each item of marital property is not subject to administration . . . .

the Felhofer Children unless the Property is classified as survivorship marital property by operation of WIS. STAT. § 766.605. *See* WIS. STAT. § 852.01(1)(a)2. (setting forth the general rules for intestate succession when the decedent has a surviving spouse and surviving issue who are not issue of the surviving spouse).[4]

¶ 13.   Thus, the question before this court is whether the Property is exempt from the rules of intestate division because it is classified as survivorship marital property under WIS. STAT. § 766.605. If the Property is survivorship marital property, upon the Decedent's death, his ownership rights in the Property "vest[ed] solely in [Felhofer as] the surviving spouse." *See* WIS. STAT. § 766.60(5)(a). Given that background, we turn to the plain language of § 766.605.

██

¶ 14.   WISCONSIN STAT. § 766.605 states:

**Classification of homestead.** A homestead acquired after the determination date which, when acquired, is held exclusively between spouses with no 3rd party is survivorship marital property if no intent to the con-

---

[4] WISCONSIN STAT. § 852.01(1)(a)2. states, in relevant part:

**Basic rules for intestate succession. (1)** WHO ARE HEIRS. Except as modified by the decedent's will under s. 852.10(1), any part of the net estate of a decedent that is not disposed of by will passes to the decedent's surviving heirs as follows:

(a) To the spouse . . .:

. . . .

2. If there are surviving issue one or more of whom are not issue of the surviving spouse . . ., one-half of decedent's property other than the following property:

a. The decedent's interest in marital property.

b. The decedent's interest in property held equally and exclusively with the surviving spouse . . . as tenants in common.

388

trary is expressed on the instrument of transfer or in a marital property agreement. A homestead may be reclassified under s. 766.31(10).

By the statute's plain language, in order to be entitled to classification as survivorship marital property: (1) a property must be "[a] homestead acquired after the determination date"; (2) when the homestead is "acquired," it must be "held exclusively between spouses"; and (3) there must be "no intent to the contrary" expressed in the "the instrument of transfer or in a marital property agreement." *Id.*

¶ 15.  The Felhofer Children argue on appeal that none of the three elements have been established here. Furthermore, they contend that the circuit court's conclusion that all three elements have been established in this case creates an absurd result. We address each issue in turn.

## I. The Decedent and Felhofer acquired the Property as a homestead after the determination date.

¶ 16.  In order for the Property to be deemed survivorship marital property under WIS. STAT. § 766.605, the Property must be "[a] homestead acquired after the determination date." *See id.* The parties here all agree that the determination date in this case is September 18, 1999, the day that the Decedent and Felhofer were married. *See* WIS. STAT. § 766.01(5) (" 'Determination Date' means the last to occur of the following:    (a) Marriage. (b) 12:01 a.m. on the date that both spouses are domiciled in this state. (c) 12:01 a.m. on January 1, 1986."). The only question left to answer is when Felhofer and the Decedent "acquired" a "homestead." *See* § 766.605.

¶ 17. Homestead is defined three times in the Wisconsin Statutes. *See* Wis. Stat. §§ 71.52(3) (homestead credit act), 706.01(7) (conveyances of real property) & 990.01(13)(a) (construction of laws generally). In each instance, homestead is defined as a "dwelling . . . for use . . . as a home" and the land around it.[5] *See* §§ 71.52(3), 706.01(7) & 990.01(13)(a). The plain language of the statutes makes it clear that a homestead must include a dwelling for use as a home. We presume that when the legislature included the word "homestead" in Wis. Stat. § 766.605 it did so knowing that it was defined in the statutes as a "dwelling . . . for use . . . as a home." *See State v. West,* 2011 WI 83, ¶ 61, 336 Wis. 2d 578, 800 N.W.2d 929 ("The legislature is presumed to know the law[.]"). As such, it logically follows that § 766.605 requires that the Property here include a "dwelling . . . for use . . . as a home" before it is a homestead under the statute. *See* §§ 71.52(3), 706.01(7) & 990.01(13)(a).

¶ 18. At the time the Decedent and Felhofer purchased the vacant lot in March 1999 there was no "dwelling" on the Property "for use . . . as a home." *See* Wis. Stat. §§ 71.52(3), 706.01(7) & 990.01(13)(a). Nor

---

[5] Wisconsin Stat. §§ 706.01(7) and 990.01(13)(a) each define a homestead as: *"the dwelling*[,] and so much of the land surrounding it as is reasonably necessary *for use of the dwelling as a home,* but not less than one-fourth acre, if available, and not exceeding 40 acres." (Emphasis added.) Wisconsin Stat. § 71.52(3) defines a homestead as follows:

the *dwelling,* whether rented or owned, including owned as a joint tenant or tenant in common, or occupied as a buyer in possession under a land contract, and the land surrounding it, not exceeding one acre, that is *reasonably necessary for use of the dwelling as a home,* and may consist of a part of a multidwelling or multipurpose building and a part of the land upon which it is built.

(Emphasis added.)

did there become a "dwelling ... for use ... as a home" when the Decedent and Felhofer took out the construction loan. *See* §§ 71.52(3), 706.01(7) & 990.01(13)(a). It was not until after the Decedent and Felhofer were married that construction on the home was completed and the City of Franklin issued the Certificate of Occupancy in January 2000 that the Decedent and Felhofer were able to move into the home to use it as a dwelling. As such, we conclude that the Property did not become a homestead until after the determination date.

¶ 19. The Felhofer Children do not point to a contrary definition of homestead anywhere in the statutes. Rather, for the first time in their reply brief, they cite to *Scofield v. Hopkins*, 61 Wis. 370, 21 N.W. 259 (1884), for the proposition that a homestead includes vacant land on which a party *intends* to later build a dwelling.[6] *Scofield* is easily distinguishable.

¶ 20. *Scofield*, decided by the Wisconsin Supreme Court in 1884, construes the homestead exemption statute, which protects a family homestead from sale or levy by judgment creditors. It says nothing about the division of property when a decedent dies intestate. *See id.*; *see also* Wis. Rev. Stat. ch. 130, § 2983 (1884).[7] In

---

[6] Generally speaking, we do not address issues raised for the first time in a reply brief. *See Northwest Wholesale Lumber, Inc. v. Anderson*, 191 Wis. 2d 278, 294 n.11, 528 N.W.2d 502 (Ct. App. 1995). However, because in this case Felhofer was provided an opportunity to respond to the Felhofer Children's belatedly raised issue at oral argument, and in the interest of completeness, we do address the issue here.

[7] Wisconsin Rev. Stat. ch. 130, § 2983 (1884) states, in relevant part:

A *homestead*, to be selected by the owner thereof, consisting, when not included in any city or village, of any quantity of land not exceeding forty acres, used for agricultural purposes, and when

*Scofield*, the issue was a judgment creditor's rights to a sale and levy against a debtor's property. *Id.* at 370. If the property was a homestead, under the relevant statute and law of the time, the property would be protected from the third-party creditor. *Id.* at 370–72. The debtor had cleared the land and started to erect a dwelling on it when the creditor sought to sell it to satisfy the judgment. *Id.* at 371.

¶ 21. Our supreme court held that the debtor's land was a homestead because he demonstrated a *"bona fide* intention of acquiring the premises for a homestead, without defrauding any one, evidenced by overt acts in fitting them to become such, followed by actual occupancy in a reasonable time." *Id.* at 375. Stating that "homestead law will be liberally construed to effect its design," *id.* at 373, the court went on to describe that the purpose of the law was "to secure to the debtor and his family a homestead which shall be beyond the reach of his creditors, however numerous," *id.* at 374.

¶ 22. By contrast, here, we construe WIS. STAT. § 766.605, which was enacted one hundred years after *Scofield*. *Scofield* does not address the statutory language to which we are bound. Nor does this case involve the rights of third-party creditors to a homestead. Thus, we are not persuaded that *Scofield* applies to construc-

---

included in any city or village, of any quantity of land not exceeding one-fourth of an acre, and the dwelling house thereon, and its appurtenances, owned and occupied by any resident of this state, *shall be exempt from seizure or sale on execution, from the lien of every judgment, and from liability in any form for the debts of such owner,* except laborers', mechanics', and purchase money liens, and mortgages lawfully executed, and taxes lawfully assessed, and except as otherwise specially provided in these statutes[.] . . .

(Emphasis added.)

tion of this statute, or these facts, namely, survivorship rights of a spouse as opposed to judgment-creditors rights.

¶ 23.  Consequently, we conclude that the statutory definitions of homestead in WIS. STAT. §§ 71.52(3), 706.01(7), and 990.01(13)(a) control our construction of the meaning of homestead in WIS. STAT. § 766.605, and accordingly, we conclude that the Property became a homestead when there was a dwelling on it, occupied by the parties, which was after the determination date.

## II. The homestead was acquired when the dwelling was occupied and it is undisputed that at that point it was held exclusively between the spouses.

██

¶ 24.  Next, we determine whether the "homestead" "when acquired, [was] held exclusively between spouses." *See* WIS. STAT. § 766.605. The Felhofer Children argue that—because the Property was held by a warranty deed, which stated that the Decedent and Felhofer were "single persons"—§ 766.605 does not apply.[8] WISCONSIN STAT. § 766.01(9)(a) states that a:

---

[8] The Felhofer Children rely on the Legislative Counsel Note to WIS. STAT. § 766.605 to support their argument that the language in the title is determinative. We need not address that argument because the Note is extrinsic evidence of the legislature's intent, and we conclude that the plain language of the statute is clear and unambiguous. *See Seider v. O'Connell,* 2000 WI 76, ¶ 50, 236 Wis. 2d 211, 612 N.W.2d 659 ("If a statute is unambiguous on its face, this court does not look to extrinsic evidence, such as legislative history, to ascertain meaning.").

property is "held" by a person only if a document of title to the property is registered, recorded or filed in a public office in the name of the person or a writing that customarily operates as a document of title to the type of property is issued for the property in the person's name.

¶ 25.  Felhofer counters that the Felhofer Children improperly ignore the language in WIS. STAT. § 766.605 that requires that the homestead be "held exclusively between spouses with no 3rd party" "*when acquired.*" (Emphasis added.) As we have seen, and as Felhofer argues, there was no homestead, as that term is defined in the statutes, until there was a dwelling on it. Thus, the Decedent and Felhofer could not acquire the homestead until they acquired the dwelling. It is undisputed that the Decedent and Felhofer could not live on the Property until after they were married because the home was still under construction. As such, Felhofer argues that the homestead was "held exclusively" between them, as spouses, "when acquired." *See id.*

¶ 26.  We agree with Felhofer. Here, the *homestead* was acquired when Felhofer and the Decedent occupied a dwelling on the Property, which happened at some point after the City of Franklin issued the Certificate of Occupancy. There is no dispute that Felhofer and the Decedent were married prior to occupancy and that they occupied the dwelling after the Certificate of Occupancy was issued. Thus, pursuant to the plain language of WIS. STAT. § 766.605, Felhofer and the Decedent acquired the homestead when they were a married couple. Their status as single persons at the time the warranty deed was signed, and when the vacant lot was acquired, is irrelevant to the § 766.605 analysis.

## III. The deed, as the instrument of transfer, does not express an intent contrary to WIS. STAT. § 766.605.

¶ 27.   Next, WIS. STAT. § 766.605 looks to whether the instrument of transfer or a marital property agreement expresses a contrary intent, that is, that the parties intended to hold the real estate as something other than survivorship marital property. Here, the Decedent and Felhofer did not sign a marital property agreement; therefore, we look only to the language in the warranty deed.

¶ 28.   The Felhofer Children argue that the warranty deed, as "the instrument of transfer," sets forth a contrary intent, that is, an intent *other than* to classify the Property as survivorship marital property. Looking to the plain language of the deed, the Felhofer Children believe that the phrase "single persons" expresses the Decedent's and Felhofer's intent to own the Property as tenants in common. Moreover, the Felhofer Children contend that when a deed does not expressly state whether real estate is held by parties as tenants in common or in some other form of ownership, WIS. STAT. § 700.18 dictates that the real estate is held as tenants in common.[9]

¶ 29.   In response, Felhofer argues that the plain language of the deed, which describes her and the Decedent as "single persons" when purchasing the Property in March 1999, merely sets forth a factual statement, and does not express a desire to hold the

---

[9] WISCONSIN STAT. § 700.18 states:   "**Determination of co-tenancy generally.** Two or more persons named as owners in a document of title, transferees in an instrument of transfer or buyers in a bill of sale are tenants in common, except as otherwise provided in s. 700.19 or ch. 766."

Property as tenants in common. If Felhofer and the Decedent had intended to own the Property as tenants in common, they could have expressly said so, using those words. They did not. Consequently, Felhofer argues that the deed is silent as to the nature of the parties' ownership in the Property and that silence does not equate to a contrary intent.

¶ 30. Felhofer also argues that the Felhofer Children, when relying on WIS. STAT. § 700.18 for the proposition that in the absence of express language in the title that the parties were purchasing the Property as tenants in common, ignore the language in § 700.18 that states "except as otherwise provided in . . . ch. 766." Given that language, Felhofer argues that WIS. STAT. § 766.605 becomes the controlling default statute and dictates that in the absence of express language to the contrary, the parties held the property as survivorship marital property.

■■

¶ 31. "The primary source of the parties' intent is what is written within the four corners of the deed." *Konneker v. Romano*, 2010 WI 65, ¶ 26, 326 Wis. 2d 268, 785 N.W.2d 432. "However, if the language of the deed is ambiguous, meaning it is susceptible to more than one reasonable interpretation, then the parties may introduce other evidence to demonstrate the intent behind the language." *Id.*

■

¶ 32. Turning to the language of the deed, we agree with Felhofer and conclude that the warranty deed does not express an intent to classify the Property as something other than survivorship marital property. The use of the phrase "single persons" simply describes a fact: that at the time they purchased the vacant lot, Felhofer and the Decedent were not married. We note

396

that "single persons" does not represent a classification of property ownership of any kind, to wit, tenancy in common, joint tenancy, marital property, or any other recognized classification. Because "single persons" fails to express any recognized real property classification, it is not evidence of an intent on the part of Felhofer and the Decedent.

¶ 33. Additionally, the parties agreed at oral argument that the record fails to show who dictated that the language "single persons" be placed in the deed. Although the drafter's name is noted on the face of the document, the record is silent as to who directed him to write "single persons" after the Decedent's and Felhofer's names. Felhofer's uncontroverted affidavit says that she and the Decedent were unrepresented by counsel and were merely handed the deed at the closing; no one explained to them why the language "single persons" was included in the deed or the various ways two persons can hold property. An absence of proof is not evidence of intent. Because the deed does not express an intent contrary to that set forth in WIS. STAT. § 766.605, we must conclude, pursuant to that statute's plain language, that Felhofer and the Decedent owned the Property as survivorship marital property.

## IV. The circuit court's decision does not create an absurd result.

¶ 34. Finally, the Felhofer Children complain that the circuit court's order, finding that the Property is survivorship marital property under WIS. STAT. § 766.605, creates an absurd result by making it "unduly difficult" for a party to hold and transfer his or her share of real estate held in joint names with a spouse to

a party other than the spouse. In so arguing, the Felhofer Children rely on WIS. STAT. § 706.02(1)(f), which states:

> **(1)** Transactions under [WIS. STAT. §] 706.001(1) shall not be valid unless evidenced by a conveyance that satisfies all of the following:
>
> . . . .
>
> (f) Is signed, or joined in by separate conveyance, by or on behalf of each spouse, if the conveyance alienates any interest of a married person in a homestead under s. 706.01(7) except conveyances between spouses . . . .

In other words, § 706.02(1)(f) requires that both spouses approve the conveyance of a homestead. The Felhofer Children argue that this means that the circuit court's decision prohibited the Decedent from leaving any portion of his one-half interest in the Property to his children without first divorcing Felhofer, thereby depriving the Decedent of his constitutional right to leave his assets to his heirs. *See First Wis. Nat'l Bank of Madison v. Wisconsin Academy of Sciences, Arts & Letters*, 118 Wis. 2d 128, 130, 345 N.W.2d 519 (Ct. App. 1984) ("Under Wisconsin common law, the right to dispose of property at death is a fundamental right of constitutional dimension.").

¶ 35. Felhofer recognizes that WIS. STAT. § 706.02(1)(f) requires a conveyance of a homestead to be signed by both spouses. But Felhofer argues that WIS. STAT. § 766.605 creates a default provision that applies when a homestead is acquired after the determination date, and when acquired, is held exclusively between the spouses. The legislature decided to presume a homestead to be survivorship marital property absent a contrary intent expressed by the parties. If the

Decedent intended a different result, he had an opportunity to express that intent and did not do so.

¶ 36. We are unpersuaded by the Felhofer Children's argument that the circuit court's decision creates an absurd result by depriving the Decedent of his constitutional right to leave his assets to his heirs. The Decedent had an opportunity to clearly state his intentions to leave his one-half interest in the Property to the Felhofer Children when he signed the warranty deed or he could have stated his intentions in a marital property agreement signed prior to or after his marriage. Furthermore, the Decedent could have asked Felhofer while he was alive to sign off on a conveyance on his one-half interest to the Felhofer Children. Contrary to the Felhofer Children's assertions, divorce was not the Decedent's only option. Furthermore, we are bound by the plain language passed by the legislature, regardless of the result.

## CONCLUSION

¶ 37. Because we conclude that all three elements of Wis. Stat. § 766.605 have been satisfied here, to wit, the Property was a homestead acquired after the determination date, the homestead was held exclusively between the spouses at the time it was acquired, and the deed to the Property does not express an intent to classify the Property as something other than survivorship marital property, we affirm the circuit court.

*By the Court.*—Order affirmed.