COURT OF APPEALS
DECISION
DATED AND FILED

July 18, 2023

Samuel A. Christensen
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2021AP1647**

STATE OF WISCONSIN

Cir. Ct. No. 2020IN10

IN COURT OF APPEALS
DISTRICT III

IN RE THE ESTATE OF JOSEPH ANDREW ROBERT GERGER:

AMARA GERGER, ALICE GERGER AND GABRIEL GERGER,

    APPELLANTS,

  V.

YAJAIRA VANESSA AVILA GERGER,

    RESPONDENT.

       APPEAL from a judgment of the circuit court for Langlade County: JOHN B. RHODE, Judge. *Affirmed*.

       Before Stark, P.J., Hruz and Gill, JJ.

       **Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1      PER CURIAM. Three of decedent Joseph Gerger's children—Amara Gerger, Alice Gerger, and Gabriel Gerger—appeal a judgment granting a "Petition for Decedent's Interest in Home" filed by Joseph's widow, Yajaira Vanessa Gerger.[1]  The children argue that the circuit court erred by reforming a real estate deed to provide Vanessa a survivorship marital interest in the couple's home, thereby entitling her to the proceeds from the home sale.  For the reasons discussed below, we affirm the judgment.

## BACKGROUND

¶2      Joseph and Vanessa were married on February 5, 2018.  In the summer of that year, the couple decided to move away from Milwaukee, and they toured a number of homes together.  On July 31, 2018, they purchased a home in Antigo for $90,000.  Joseph used money he had inherited from his grandmother to pay for the home in cash.  The deed to the home listed only Joseph as the grantee, and it identified him as being single despite his marriage to Vanessa.  Vanessa did not sign any documents related to the closing, and she was not present at the closing because she was home "pregnant and sick."  According to Vanessa, upon his return from the closing, Joseph handed Vanessa the deed and stated, "This is your house."

¶3      Joseph and Vanessa both maintained the home while they lived there.  On May 25, 2020, Joseph died intestate.  The home, which was Joseph's only significant asset, was sold a month later for approximately $85,000.

---

[1] Because the parties share a surname, we will refer to the appellants as "the children" and the respondent as "Vanessa."  The three children litigating this matter were born from Joseph's previous relationships.  Joseph shared a fourth child with Vanessa.

¶4      Joseph's sister filed an "Application for Informal Administration" of the Estate, and Vanessa subsequently filed the underlying "Petition for Decedent's Interest in Home," seeking the proceeds of the home sale pursuant to WIS. STAT. § 861.21 (2021-22),[2] which governs the assignment of a home to a surviving spouse.  The children objected to Vanessa's petition.  After a bench trial, the circuit court determined that Vanessa was entitled to equitable relief and consequently reformed the deed to include Vanessa as a grantee, thereby making the home survivorship marital property.  This appeal follows.

## DISCUSSION

¶5      A court in equity may reform written instruments that, by mutual mistake, do not express the true intentions of the parties.  *Chandelle Enters., LLC v. XLNT Dairy Farm, Inc.*, 2005 WI App 110, ¶18, 282 Wis. 2d 806, 699 N.W.2d 241.  The party seeking reformation must offer clear and convincing proof that both parties intended to make a different instrument and had agreed on facts that were different than those set forth on the instrument.  *Id.*  A circuit court's decision to grant equitable relief is reviewed under the erroneous exercise of discretion standard.  *Pietrowski v. Dufrane*, 2001 WI App 175, ¶5, 247 Wis. 2d 232, 634 N.W.2d 109.  We will not reverse a discretionary decision of the circuit court when it applies the correct legal standard to a reasonable view of the facts of record and reaches a conclusion a reasonable judge could reach.  *Rodak v. Rodak*, 150 Wis. 2d 624, 631, 442 N.W.2d 489 (Ct. App. 1989).  The court's findings of

---

[2] All references to the Wisconsin Statutes are to the 2021-22 version unless otherwise noted.

fact will not be set aside unless they are clearly erroneous. WIS. STAT. § 805.17(2).

¶6 When a decedent spouse's property arrangements were made in fraud of the survivor's rights, equitable relief to a surviving spouse is also available pursuant to WIS. STAT. § 861.17(1). The application of a statute to a particular set of facts is a question of law that we review de novo. *Armour v. Klecker*, 169 Wis. 2d 692, 697, 486 N.W.2d 563 (Ct. App. 1992).

¶7 Here, the children argue that there was no fraud or mutual mistake justifying reformation of the deed. The deed, however, listed Joseph as being single when he was, in fact, married. Whether his listing as single was the result of fraud by Joseph or anybody else is unclear. In any event, it was certainly a mistake.

¶8 The children nevertheless claim that the circuit court erred by reforming the deed based, in part, on its conclusion that "the language of the deed does not express any intent to characterize the property as something other than survivorship marital property." According to the children, this conclusion disregards the language of the deed as it was written because the deed does not include the words "survivorship marital property" or otherwise include Vanessa's name. The children also argue that the deed's identification of Joseph as being single evinced his intent that the property remain his alone.

¶9 The children's argument, however, ignores the application of WIS. STAT. § 766.605 to the facts of this case. That statute provides, in relevant part: "A homestead acquired after the determination date which, when acquired, is held exclusively between spouses with no [third] party is survivorship marital property if no intent to the contrary is expressed on the instrument of transfer or in

a marital property agreement." The "determination date" under these facts is defined as the date the parties married. *See* WIS. STAT. § 766.01(5).

¶10 Here, the home was purchased after Joseph and Vanessa were married, and it was held exclusively by the couple. The deed identified the home as "homestead property," and the couple paid for expenses related to the home from a joint credit union account. There was no evidence of any agreement between the parties, such as a marital property agreement, specifying that the home was anything other than survivorship marital property. Likewise, nothing on the deed demonstrated an intent to hold the property as anything other than survivorship marital property. To the extent the children emphasize that the couple were married only six months before the home purchase and resided there for only twenty-two months before Joseph's death, those facts are immaterial to determining whether a homestead is survivorship marital property under WIS. STAT. § 766.605.

¶11 The children assert that the deed's reference to Joseph as being single signifies his intention that the house remain individual property. We disagree. In *Droukas v. Estate of Felhofer*, 2014 WI App 6, 352 Wis. 2d 380, 843 N.W.2d 57 (2013), vacant property was titled in two individuals' names as single persons. *Id.*, ¶2. The individuals, who were in a relationship, began construction of a home on the property and married during the home's construction. *Id.*, ¶4. The couple then lived in the home for approximately eleven years, until the husband's death. *Id.*, ¶¶4-5. Although the facts of that case differ from the present matter, the decision is instructive.

¶12 This court addressed whether the home was survivorship marital property, holding that "[t]he use of the phrase 'single persons' [on the property

deed] simply describe[d] a fact: that at the time they purchased the vacant lot, [the parties] were not married." *Id.*, ¶32. The court added that the term "single persons [did] not represent a classification of property ownership of any kind, to wit, tenancy in common, joint tenancy, marital property, or any other recognized classification." *Id.* Because "single persons" failed to express any recognized real property classification, it was not evidence of an intent on the part of the parties. *Id.* Similarly, Joseph's identification as being single on the deed is not evidence of an intent to maintain the home as his individual property.

¶13    The children also contend that Joseph's decision to purchase the home with a portion of his inheritance evinced his intent for the home to remain his individual property. Citing WIS. STAT. § 766.31(8), the children argue that the circuit court ignored the exception to the marital property presumption that governs rights to property acquired before the determination date—in this case, the marriage. That subsection provides:

> *Except as provided otherwise in this chapter*, the enactment of this chapter does not alter the classification and ownership rights of property acquired before the determination date or the classification and ownership rights of property acquired after the determination date in exchange for or with the proceeds of property acquired before the determination date.

Sec. 766.31(8) (emphasis added). The children maintain that Joseph exchanged individual property received prior to the marriage for other individual property after the marriage, and that his property can be easily traced.

¶14    Here, however, WIS. STAT. § 766.31(8) does not control because WIS. STAT. § 766.605 specifically provides that the homestead is classified as survivorship marital property.

¶15 The children also assert that testimony given by Joseph's sister, Christina Lozano, supports their contention that Joseph intended to maintain the home as individual property. At trial, Lozano testified that Joseph called her after the closing and, during that conversation, she asked whose name was on the deed. According to Lozano, Joseph responded, "Mine," adding that "[n]obody's taking shit from me … like it happened to you"—a reference to events that apparently occurred when Lozano purchased a home in her husband's name. The circuit court, as the fact finder, was entitled to weigh the witnesses' testimony and determine their credibility. *See **Micro-Managers, Inc. v. Gregory***, 147 Wis. 2d 500, 512, 434 N.W.2d 97 (Ct. App. 1988).

¶16 Moreover, as the circuit court noted, if, as Lozano testified, Joseph intentionally identified himself as being single in order to ensure the property remained with him if he and Vanessa divorced, "then he definitely engaged in a fraudulent transfer, which [would] entitle[] Vanessa to the equitable relief [sought]." Ultimately, the evidence and the reasonable inferences available therefrom provide a sufficient basis for the court's discretionary decision to grant Vanessa equitable relief, even if reasonable opposing inferences were available.

¶17 Citing **Estate of Carroll v. Ansley**, 2001 WI App 120, 244 Wis. 2d 280, 628 N.W.2d 411, and its application of WIS. STAT. § 852.01, the children alternatively contend that Joseph's half of the marital property should be distributed consistent with the basic rules for intestate succession. As the circuit court recognized, it is unclear whether the property discussed in **Estate of Carroll** included a homestead. In any event, WIS. STAT. § 852.09 provides: "If the intestate estate includes an interest in a home, assignment of that interest to the surviving spouse or surviving domestic partner is governed by [WIS. STAT. §] 861.21," the statute under which Vanessa petitioned for an interest in the

home. That statute provides that subject to exceptions that do not appear to apply here:

> [I]f a married decedent … has a property interest in a home, the decedent's entire interest in the home shall be assigned to the surviving spouse … if the surviving spouse … petitions the court requesting such a distribution and if a governing instrument does not provide a specific transfer of the decedent's interest in the home to someone other than the surviving spouse…. The surviving spouse … shall file the petition within 6 months after the decedent's death, unless the court extends the time for filing.

Sec. 861.21(2).

¶18    The children argue that even if the home is assigned to Vanessa, she must pay the value of Joseph's interest in the home to Joseph's estate, for distribution according to the rules for intestate succession. The children's arguments regarding intestate succession, however, are irrelevant where, as here, the property is "survivorship marital property." *See **Droukas***, 352 Wis. 2d 380, ¶¶10, 13 (noting that survivorship marital property under WIS. STAT. § 766.605 is exempt from the rules of intestate division).

*By the Court.*—Judgment affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5.